635 P.2d 1001

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Mary Jane ELLIOTT,
Defendant-Appellant.**

**No. 5162.**

Court of Appeals of New Mexico.

Oct. 8, 1981.

John B. Bigelow, Chief Public Defender, David Stafford, Asst. State Appellate Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Clare E. Mancini, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Acting Chief Judge.

Defendant was charged and convicted of voluntary manslaughter, which requires an intent to kill or do great bodily harm. U.J.I.Crim. 2.21, N.M.S.A.1978 (1981 Cum. Supp.). The trial court prohibited defendant from presenting testimony that she lacked this requisite intent. We agree with defendant that the trial court erred.

Defendant and decedent had been acquainted most of their lives. Defendant's husband of approximately thirty years died. After dating for a few months, defendant moved in with decedent at decedent's request; they did not marry, but lived together. At the time of the incident in question, defendant was approximately sixty years old.

Defendant and decedent had attended a baptismal celebration in Los Lunas, at which both drank intoxicating beverages and decedent became drunk. Decedent became angry upon leaving the celebration and pushed and hit defendant. On the drive toward Albuquerque an argument developed over several matters, including the speed at which decedent was driving. Defendant turned off the ignition; when the car stopped, decedent again hit defendant. Decedent got out of the car. Defendant made a U-turn and started back to Los Lunas. Deciding she should not leave decedent walking, defendant made another U-turn and headed north. While driving north, decedent was struck with the passenger side of the car.

In her opening statement, defendant admitted that she was driving the car that hit and killed decedent. The defense was that she lacked the requisite intent. In support of this defense she introduced testimony from the officer who arrested defendant, and defendant also testified. However, the trial court excluded the tendered testimony of a psychologist that she lacked the requisite intent.

There is no issue as to relevancy; the trial court recognized the psychologist's testimony would be relevant. The trial court also recognized that the psychologist, Dr. Salazar, was qualified.

■■ The trial court excluded Dr. Salazar's testimony under Evidence Rule 403 on the basis that the testimony would be time-consuming, confusing and somewhat misleading to the jury. We fail to understand the trial court's reasoning. No delay was involved; Dr. Salazar was present and available to testify at the time of the ruling excluding his testimony. This testimony would not have been cumulative; no other expert witness had been called by the defense. See *State v. Brown*, 91 N.M. 320, 573 P.2d 675 (Ct.App.1977), cert. denied, 436 U.S. 928, 98 S.Ct. 2826, 56 L.Ed.2d 772 (1978). We do not know how much time would have been required for a full presentation of Dr. Salazar's testimony because the trial court only permitted a partial

tender. However, even if the presentation of this testimony would have taken some time, the trial court cannot permit the State to present its case and then deny the defendant an opportunity to present a defense on the basis that the defense would be time-consuming. See *State v. Brown,* id.

We do not understand how the opinion of an expert, that defendant lacked the requisite intent, and testimony from the expert as to the basis for that opinion, could be classified as confusing and misleading, and the State's brief does not demonstrate that this testimony would have been either confusing or misleading.

The trial court also excluded Dr. Salazar's testimony on the basis that there was no reason for expert testimony. On appeal, the State argues that Dr. Salazar's opinion was based on the same evidence as was before the jury. This is factually incorrect because the evidence before the jury, on the intent issue, was from nonexperts. The trial court cannot properly prevent a defendant from calling experts in support of the defense on the basis that nonexperts have testified about the same issue. *State v. Brown,* supra; compare *Chacon v. State,* 88 N.M. 198, 539 P.2d 218 (Ct.App.1975). See also *State v. Gallegos,* 92 N.M. 370, 588 P.2d 1045 (Ct.App.1978).

The trial court ruled that Dr. Salazar's opinion would be of no value to the jury; thus, that under Evidence Rule 702, the testimony would not assist the jury in determining the factual issue of the requisite intent. This may be the trial court's subjective evaluation of testimony by a psychologist, but it is not New Mexico law. The opinion of an expert, whose qualifications are not challenged, would assist the jury in deciding the intent issue, and the expert opinion was admissible. *State v. Ellis,* 89 N.M. 194, 548 P.2d 1212 (Ct.App. 1976).

The trial court ruled that if Dr. Salazar's testimony were admitted, that in future cases both sides of the case in a criminal prosecution would offer expert testimony on the issue of intent. The answer is that such testimony by a properly qualified expert, on sufficient foundational facts, is presently admissible if that testimony would assist the jury in determining an issue. Evidence Rule 702; *State v. Brown,* supra; *State v. Ellis,* id.

On appeal, the State seems to argue that Dr. Salazar's testimony, if admitted, would have invaded the province of the jury because the testimony would have gone to an ultimate issue to be decided by the jury. The State is referred to the New Mexico rule which permits such testimony. See Evidence Rule 704.

The conviction is reversed. The cause is remanded with instructions to grant defendant a new trial.

IT IS SO ORDERED.

HENDLEY and WALTERS, JJ., concur.