**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Joel Donald DREER, Defendant-Appellant.**

**No. 83–3427.**

United States Court of Appeals, Eleventh Circuit.

August 27, 1984.

Samuel S. Jacobson, Jacksonville, Fla., for defendant-appellant.

Lawrence Gentile, III, Asst. U.S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before TJOFLAT, HILL and JOHNSON, Circuit Judges.

PER CURIAM:

Joel Donald Dreer appeals his conviction, following trial by jury, for fraud in connection with the sale of $273,000 worth of frozen mullet roe to a Japanese trading company in violation of 18 U.S.C. §§ 1343, 1341 and 2 (1982). We find no reversible error and accordingly affirm.

■ Dreer presents three claims of error, only one of which is worthy of any discussion,[1] the trial judge erred in refusing to admit into evidence a bookkeeping record showing the volume of mullet roe processed by Dreer's company. He contends that the evidence was admissible under the business records exception to the hearsay rule, Fed.R.Evid. 803(6), and that the exclusion thereof was an abuse of discretion. We disagree.

■ Preliminary questions concerning the admissibility of evidence are determined by the court. Fed.R.Evid. 104(a). Admissions under the business records exception to the hearsay rule, Fed.R.Evid.

---

1. We reject summarily the following two claims: (1) that the prosecution through five former employees of Dreer presented substantial evidence concerning a series of collateral, fraudulent activity perpetrated by Dreer upon the employees to establish Dreer's propensity to commit fraud, thereby preventing a fair trial; and (2) the government prevented key witnesses from discussing the case with defense investigators, thereby preventing a fair trial.

As to the first claim, the testimony concerned the financial arrangements between each employee and the appellant which in turn gave appellant the leverage necessary to command these employees to lie during the investigation. The trial court, therefore, exercised proper discretion in permitting the jury insight as to why the employees would make conflicting state-

ments prior to trial. The extrinsic behavior was relevant to Dreer's opportunity to coerce the witnesses' assistance in his scheme and such evidence had probative force that was not substantially outweighed by its inherent prejudice, Fed.R.Evid. 404(b); *United States v. Beechum*, 582 F.2d 898, 910 (5th Cir.1978) (en banc), *cert. denied*, 440 U.S. 920, 99 S.Ct. 1244–45, 59 L.Ed.2d 472 (1979). The jury could also consider evidence of threats to witnesses as relevant in showing consciousness of guilt. *United States v. Gonzales*, 703 F.2d 1222, 1223 (11th Cir.1983). Second, the trial court properly found, based upon substantial evidence, that the witnesses were at liberty to make a free and uncoerced determination whether to cooperate with Dreer; therefore the claim is without merit.

803(6), inherently require two separate findings by the trial judge. First, the proposed evidence must be genuine. Fed.R. Evid. 901, *United States v. Smith*, 609 F.2d 1294, 1302 (9th Cir.1979). Second, if genuine, the document must be "made at or near the time" of the "events" or "acts" reported "by or from information transmitted by, a person with knowledge" of these "acts" or "events" and "kept in the course of a regularly conducted business activity" where "it was the regular practice of the business activity to make the report." Fed.R.Evid. 803(6); *United States v. Davis*, 571 F.2d 1354, 1360 (5th Cir.1978).[2] In other words, the second test determines whether the evidence possesses sufficient indicia of reliability and trustworthiness. *Byrd v. Hunt Tool Shipyards*, 650 F.2d 44, 46 (5th Cir.1981). In the instant case, Dreer summarily testified that the proposed exhibit was a record of material processed in the plant that was kept in the ordinary course of business. The testimony never clearly focused on the circumstances surrounding the origin and the nature of the compilation.

As to the first question, the court could properly determine that the proposed evidence was fabricated. Although the proponent of the records did not admit that the records were falsified, there was an extremely strong inference arising from evidence of numerous other forged financial documents that the proffered evidence was not genuine. As for the second issue, the trial court could properly decide that Dreer failed to present a foundation of facts concerning the preparation of the business records sufficient to indicate reliability.

The trial court therefore could have properly rejected the evidence as not meeting either of the Fed.R.Evid. 803(6) criteria, and the judgment of the district court is accordingly

AFFIRMED.

**2.** In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.