715 P.2d 467

**STATE of New Mexico,
Plaintiff-Appellant,**

v.

**Donald Wesley BOWMAN,
Defendant-Appellee.**

No. 8828.

Court of Appeals of New Mexico.

Feb. 11, 1986.

Paul G. Bardacke, Atty. Gen., Peter S. Kierst, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Jacquelyn Robins, Chief Public Defender, Lynne Fagan, Asst. Appellate Defender, Santa Fe, for defendant-appellee.

## OPINION

HENDLEY, Judge.

The state appeals an order of the trial court, which suppressed the testimony of a psychologist in this case, charging defendant with criminal sexual penetration of his daughter. We affirm.

The order of suppression was entered following a hearing at which the testimony of the psychologist was tendered in its entirety. The alleged criminal sexual penetration occurred in November 1982. Charges were filed in February 1985 and the psychologist evaluated the child in June 1985. In preparation for trial, the state arranged for the child to be examined to determine whether or not she had suffered or was suffering mental anguish. The psychologist determined that the child suffered from post-traumatic stress disorder. However, by the time of the hearing on the motion to suppress, the state's theory of prosecution was not that defendant committed criminal sexual penetration resulting in personal injury contrary to NMSA 1978, Section 30–9–11(B)(2) (Repl.Pamp. 1984), see State v. Garcia, 94 N.M. 583, 613 P.2d 725 (Ct.App.1980); rather, it was that defendant committed criminal sexual penetration on a child thirteen to sixteen years of age when he was in a position of authority over the child and used his authority to coerce the child to submit contrary to Section 30–9–11(B)(1). The state sought admission of the psychologist's testimony, not to show mental anguish, but to show that a criminal sexual penetration occurred. The docketing statement stated the issue on appeal: whether evidence that a victim suffers from post-traumatic stress syndrome (rape trauma syndrome) can be admitted to establish that criminal sexual penetration has occurred. The issue briefed is whether the trial court abused its discretion in refusing to allow the psychologist to testify.

There is no issue in this case concerning the qualifications of the particular psychologist. The psychologist testified extensively to his qualifications. Nor is there any issue concerning post-traumatic stress disorder as a recognized mental disorder or concerning rape trauma syndrome as a species of post-traumatic stress disorder discussed in the literature. The psychologist testified that post-traumatic stress disorder is a diagnosis recognized by the American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders* (3d ed.1980) (DSM–III). DSM–III is an authoritative and comprehensive guide to mental diseases and disorders used by all

mental health professionals. The psychologist explained that post-traumatic stress disorder can cause various symptoms and that post-traumatic stress disorder itself is caused by a psycho-social stressor which is outside the norm of common experience. Examples of such stressors given were wars, earthquakes, and rapes. Rape trauma syndrome is not listed by name in DSM–III and, therefore, the psychologist preferred to use the term post-traumatic stress disorder. However, the psychologist recognized that rape can cause post-traumatic stress disorder and that some people refer to rape trauma syndrome as a specific type of post-traumatic stress disorder.

The issue in this case arises because of the following testimony of the psychologist. At one point in his testimony, the psychologist testified that the specific stressor in this case was the sexual abuse the child suffered. At another point, he said that the child suffered her symptoms because of the sexual assault to which she said she was subjected "at least somewhat in combination" with a long history of family problems and other causes. The psychologist gave as examples of these other causes the fact that the child moved twenty to thirty times in the ten years she was in school; that she was raised by a mother whose religious beliefs did not allow going to doctors; that there were other memories of physical abuse; and that the child was experiencing anxiety in anticipation of going to trial. The psychologist acknowledged that he was relying on the truthfulness of the child's report in giving his testimony concerning causation. The psychologist testified that he could not say that the allegation of criminal sexual penetration was the sole stressor. The psychologist said that his diagnostic procedure could not accurately and reliably determine whether the sexual abuse occurred, and that his testing procedure was not for the purpose of assessing cause, but was for the purpose of diagnosis and treatment.

Although the concept of rape trauma syndrome is of relatively recent origin, a number of jurisdictions have addressed the problem of whether and under what circumstances expert testimony of rape trauma syndrome or post-traumatic stress disorder is admissible. A number of courts have indicated that such evidence is not admissible, either because it was not relevant to the issues at trial or because its probative value was out-weighed by its prejudicial impact. Other courts have ruled the evidence was admissible, finding it relevant on the issue of consent or the validity of a recantation. *Compare Allewalt v. State*, 61 Md.App. 503, 487 A.2d 664 (1985); *People v. Bledsoe*, 36 Cal.3d 236, 203 Cal.Rptr. 450, 681 P.2d 291 (1984) (en banc); *State v. Saldana*, 324 N.W.2d 227 (Minn.1982); *State v. Taylor*, 663 S.W.2d 235 (Mo.1984) (en banc), *with State v. Huey*, 145 Ariz. 59, 699 P.2d 1290 (1985) (en banc); *State v. McQuillen*, 236 Kan. 161, 689 P.2d 822 (1984); *State v. Marks*, 231 Kan. 645, 647 P.2d 1292 (1982); *State v. Liddell*, 685 P.2d 918 (Mont.1984); *People v. Reid*, 123 Misc.2d 1084, 475 N.Y.S.2d 741 (1984); *State v. Whitman*, 16 Ohio App.3d 246, 475 N.E.2d 486 (1984). *See also Smith v. State*, 688 P.2d 326 (Nev.1984); *State v. Middleton*, 294 Or. 427, 657 P.2d 1215 (1983), upholding the admission of evidence of general characteristics of victims of child sexual abuse, such as their delay in reporting incidents and their ambivalence about whether the incident happened.

We assume, but need not decide on these facts, that expert testimony on rape trauma syndrome is admissible. The record does not indicate that the trial court thought otherwise. At least one case has used the rationale of the cases involving general characteristics of certain crime victims to approve of the admission of rape trauma syndrome evidence to aid the jury in evaluating the victim's conduct after the incident. *Reid.* Some cases that have ruled that the lower court committed error in admitting the rape trauma syndrome evidence have, nonetheless, recognized that psychological testimony related to such evidence may be admissible in certain cases. *Bledsoe* (evidence of symptoms of trauma and characteristic reactions admitted to dis-

abuse juries of popular misconceptions); *Saldana* (in cases involving children).

In New Mexico, the rule is that admission or exclusion of evidence is discretionary with the trial court, *State v. Worley*, 100 N.M. 720, 676 P.2d 247 (1984), subject, of course, to the proviso that a trial court has no discretion to admit inadmissible evidence, *see State v. McKelvy*, 91 N.M. 384, 574 P.2d 603 (Ct.App.1978). New Mexico, too, has taken a position liberally allowing the admission of expert testimony. *See State v. Elliott*, 96 N.M. 798, 635 P.2d 1001 (Ct.App.1981); *State v. Gallegos*, 92 N.M. 370, 588 P.2d 1045 (Ct.App.1978). Thus, our position regarding expert testimony is more like that of Kansas than Missouri. *Compare McQuillen with Taylor*. We also note that medical doctors regularly testify, without objection, that the physical evidence revealed by an examination of the victim is consistent with the victim's allegations of a forceful penetration. *See State v. Garcia*, 100 N.M. 120, 666 P.2d 1267 (Ct.App.1983).

■ While the above discussion would lead to a result upholding a trial judge who admitted evidence of rape trauma syndrome, a question we expressly do not decide, it does not necessarily compel reversal of a trial judge who excluded such evidence. Discretion is abused when the trial court's decision is clearly against the logic and effect of the facts and circumstances of the case. *State v. Tafoya*, 94 N.M. 762, 617 P.2d 151 (1980); *State v. Brown*, 91 N.M. 320, 573 P.2d 675 (Ct.App.1977), *cert. denied*, 436 U.S. 928, 98 S.Ct. 2826, 56 L.Ed.2d 772 (1978). In this case, we cannot say that the trial court's decision was clearly against the logic and effect of the facts and circumstances.

Several factors motivate our result. First and foremost is the psychologist's admission that his opinion on causation could not be solely tied to any alleged sexual assault and that other factors did have a causative effect on the symptoms he diagnosed as post-traumatic stress disorder. Second is the psychologist's acknowledgment that his opinion on cause depended on the truthfulness of the child. Third is the psychologist's acknowledgment that his testing procedures and expertise are not designed to determine the accuracy of a past event; their purpose is for diagnosis and treatment. Fourth, the prosecutor throughout insisted on using the emotion-charged terminology of rape trauma syndrome despite the psychologist's repeatedly expressed preference for the neutral term of post-traumatic stress disorder. Most of these factors are used in the analysis of those cases which refuse to admit rape trauma syndrome evidence. *Allewalt; Bledsoe; Saldana; Taylor*. Thus, we cannot say that the trial court's reliance on them in its discretionary decision making is totally illogical. However, we do not wish to be misunderstood as establishing these factors as rules of law. They are to be understood as nothing more than factors for the trial court to consider in exercising its discretion.

■ The determination of probative value and other relevant considerations must be left to the sound discretion of the trial judge. *Tafoya*. The essence of a discretionary decision is the balancing of the probative value of the evidence against its capacity to prejudice. NMSA 1978, Evid.R. 403 (Repl.Pamp.1983). The circumstances of this case are somewhat unique in that the psychologist was presented with a range of possible stressors, whereas in the cases from other jurisdictions the alleged assault is the only articulated stressor. Because of this, the trial court determined that the probative value of the evidence is slim. Because of this, also, the Rule 403 dangers are present. On appeal, the state asserts that, because of the care with which the psychologist acknowledged other possible stressors, there could be no danger of unfair prejudice. This argument ignores the proceedings in the trial court in which the prosecutor sought to admit the evidence of "rape trauma syndrome." One does not get rape trauma syndrome from the other possible stressors. It also ignores the idea that unfair prejudice is not the only grounds for exclusion of evidence

under Rule 403. A court can exclude evidence under that rule if there is a danger of confusion of the issues or waste of time. The possible existence of the other stressors could lead the trial proceedings into mini-trials on wholly collateral issues.

After this case was assigned to a calendar for summary affirmance, the state argued that it may have been appropriate for the trial court to have limited the psychologist's testimony, but that it was error to exclude it altogether. The brief in chief reiterates this argument by concluding with the statement that the "outright exclusion" of the evidence was error. We do not reach the issue of whether the trial court should have limited the evidence rather than excluding it altogether. Such relief was never requested in the trial court. *See State v. Lopez*, 99 N.M. 385, 658 P.2d 460 (Ct.App.), *cert. denied*, 464 U.S. 831, 104 S.Ct. 111, 78 L.Ed.2d 113 (1983). Additionally, the state's brief does not attempt to suggest an appropriate limitation. *See State v. Casteneda*, 97 N.M. 670, 642 P.2d 1129 (Ct.App.1982).

Affirmed.

. IT IS SO ORDERED.

MINZNER and GARCIA, JJ., concur.