906 P.2d 739

The CADLE COMPANY, Plaintiff/Appellant/Cross–Appellee,

v.

David and Sally PHILLIPS, Defendants/Appellees/Cross–Appellants.

No. 15818.

Court of Appeals of New Mexico.

Aug. 21, 1995.

Perry C. Abernethy, Marek & Francis, P.A., Carlsbad, Cynthia A. Fry, Albuquerque, for Plaintiff/Appellant/Cross–Appellee.

Roger E. Yarbro, Yarbro & Associates, Carlsbad, for Defendants/Appellees/Cross–Appellants.

## OPINION

WECHSLER, Judge.

Plaintiff, The Cadle Co. (Cadle), sued Defendants, David and Sally Phillips (the Phillipses), in an attempt to recover on a promissory note executed by the Phillipses in favor of Cadle's predecessor in interest, Moncor Bank (the Bank). The trial court ruled against Cadle, and Cadle appeals. The issues raised on appeal are: (1) whether the trial court properly excluded the Bank's file under the business records exception to the hearsay rule; and (2) whether the Phillipses are estopped from asserting the defense that they fully paid off the promissory note as a result of the doctrine of *D'Oench, Duhme & Co. v. Federal Deposit Insurance Corp.*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), and the Federal Deposit Insurance Act of 1950, 12 U.S.C. § 1823(e) (1988). Because our affirmance on the basis of the evidentiary issue leaves Cadle without evidence showing its right to relief, we need not reach the application of the *D'Oench* doctrine or the Federal Deposit Insurance Act. The Phillipses also filed a cross-appeal, claiming that the trial court erred in not allowing an award of attorney fees. We affirm on the issue of attorney fees.

## Facts

In April 1984, the Phillipses executed and delivered a promissory note in the sum of $6666 to First City National Bank in Carlsbad, a predecessor in interest to the Bank. Payment of the note was secured by a 1979 Pontiac. In April 1986, the Bank failed, and the Federal Deposit Insurance Corporation (FDIC) took over the Bank's assets. In April 1988, the FDIC informed the Phillipses of the sale of their loan to Cadle. The trial court found that Cadle failed to present any evidence to support its claim that there was a balance of $2181 when the FDIC took over the Bank.

Cadle did offer evidence at trial to support its claim, but that evidence was excluded as inadmissible hearsay. Such evidence was the Bank's file, which Cadle had purchased and which included a partial payment history pertaining to the Phillipses' note, a computer printout by the Bank showing the alleged balance due, and a computer printout by another bank which operated the Bank temporarily for the FDIC immediately after the Bank's failure. The trial court excluded this evidence because Cadle failed to lay a proper foundation under the business records exception to the hearsay rule.

Cadle attempted to introduce the evidence through Debbie Butcher, an account officer for Cadle and the custodian of the file that contains the disputed records. She maintained the file in the regular course of Cadle's business. She received the records from the FDIC, which had received them from the Bank. Butcher testified that the records were business records of the Bank.

However, she also testified that she did not have personal knowledge of the procedures used by the Bank in creating and maintaining its records.

### Exclusion of the Bank's Records

■ Cadle claims that the trial court committed prejudicial error in excluding the Bank's records because of a lack of foundation under the business records exception to the hearsay rule. The business records exception provides the following:

> A memorandum, report, record or data compilation, in any form, of acts, events, conditions, opinions or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness[, is not excluded by the hearsay rule].

SCRA 1986, 11–803(F) (Repl.1994). We note that SCRA 11–803(F) is identical to Federal Rule of Evidence 803(6). "We review evidentiary rulings by the district court under an abuse-of-discretion standard." *State v. Hoeffel*, 112 N.M. 358, 361, 815 P.2d 654, 657 (Ct.App.), *cert. denied*, 112 N.M. 279, 814 P.2d 457 (1991).

■ Cadle argues that Butcher did not need to have personal knowledge of the information contained in the records or have been an employee of the Bank. We agree. *See Kirk Co. v. Ashcraft*, 101 N.M. 462, 468, 684 P.2d 1127, 1133 (1984). However, Butcher testified that she had no personal knowledge of the procedures used by the Bank in creating and maintaining its records, and she did not even know if Cadle received all of the Bank's records. We have found no authority for the proposition that a trial court abuses its discretion when it refuses to admit purported business records under these circumstances.

Some of the cases Cadle cites have approved the admission into evidence of business records under circumstances that superficially appear analogous to those in this case. *United States v. Franco*, 874 F.2d 1136, 1139–40 (7th Cir.1989), goes so far as to permit a narcotics agent, who learned about a company's system of keeping records partly from direct observation and partly from interviews with employees, to testify to certain company records. The agent was held to have had the requisite personal knowledge of the company's system to be a qualified witness within the meaning of Rule 803(6) because he understood the system. *Id.* It was sufficient that he relied on a combination of direct and circumstantial evidence for his understanding of the system. *Id.* at 1140.

However, *Franco* is distinguishable from the present case on two bases. First, the witness in *Franco* had considerable knowledge, albeit largely indirect, of the record-keeping system of the business, while Butcher admitted to having no knowledge of the Bank's system whatsoever. Second, the trial court in *Franco* admitted the evidence, and the appeals court affirmed because the trial court acted within its discretion. *Id.* In prior cases, we have noted the importance of the procedural posture of the case. For example, in *State v. Bowman*, 104 N.M. 19, 22, 715 P.2d 467, 470 (Ct.App.1986), we observed that, while past cases would uphold a trial court's admission of certain evidence, those same cases did not compel reversal of a trial court's exclusion of the same evidence. The issue is one committed to the trial court's discretion, and our role is to determine whether that discretion was abused. *Id.*

In contrast to *Franco*, in *United States v. Dreer*, 740 F.2d 18, 19 (11th Cir.1984) (per curiam), the trial judge refused to admit a bookkeeping record into evidence. The ruling was reviewed under a sufficiency of the evidence standard. *Id.* at 20. The appeals court held that the trial court could properly decide that the defendant failed to present a sufficient foundation under Rule 803(6) because "testimony never clearly focused on the circumstances surrounding the origin and the nature of the [record]." *Id.* In the present case, there was no testimony at all about the origin of the record, except that it

came from the Bank, and Butcher admitted she did not know how the Bank kept its records. She also did not know if the records Cadle received contained all the Bank's documents. Thus, the trial court could have found that there was an insufficient foundation of evidence to support Butcher's knowledge of the Bank's record-keeping system for the purpose of admitting the records under SCRA 11–803(F), and the trial judge did not abuse his discretion in excluding the evidence of the Bank's records.

*Attorney Fees*

■ The Phillipses ask us to reverse the trial court and award them attorney fees. They argue that we can grant such an award by invoking our inherent equitable powers or via the "obduracy doctrine," which applies when a plaintiff brings and pursues a baseless lawsuit. A court's inherent equitable powers do not allow the award of attorney fees in this case. *See Turpin v. Smedinghoff,* 117 N.M. 598, 601, 874 P.2d 1262, 1265 (1994); *State ex rel. N.M. State Highway & Transp. Dep't v. Baca,* 116 N.M. 751, 753–54, 867 P.2d 421, 423–24 (Ct.App.1993), *rev'd on other grounds,* 120 N.M. 1, 896 P.2d 1148 (1995). Neither does the obduracy doctrine provide any relief. In our view, Cadle's reliance on the records it had obtained, the *D'Oench* doctrine, and the business records exception to the hearsay rule was not in bad faith. Nor was it vexatious oppression for Cadle to pursue the collection of a note for which it paid value and was arguably an asset of the Bank.

*Conclusion*

We affirm the trial court in all respects.

IT IS SO ORDERED.

PICKARD and BUSTAMANTE, JJ., concur.