1998-NMCA-089

963 P.2d 529

**STATE of New Mexico, ex rel., CHILDREN, YOUTH & FAMILIES DEPARTMENT, Petitioner–Appellant,**

v.

**In the Matter of VINCENT L., A Child, and Concerning Deborah M. and Ernie L., Respondents–Appellees.**

**No. 19060.**

Court of Appeals of New Mexico.

April 20, 1998.

Certiorari Denied July 6, 1998.

Angela Adams, Chief Children's Court Attorney, Diane Garrity, Deborah Gray, Roy E. Stephenson, Children's Court Attorneys, Children, Youth & Families Department, Santa Fe, for Appellant.

Judith C. Nichols, Albuquerque, for Appellee Vincent L.

Narciso Garcia, Jr., Albuquerque, for Appellee Deborah M.

Robert L. Diaz, Albuquerque, for Appellee Ernie L.

*OPINION*

PICKARD, Judge.

{1} This case requires us to decide whether the Abuse and Neglect Act, NMSA 1978, §§ 32A–4–1 through –33 (1993), prior to its amendment in 1997, permits the children's court to adjudicate a child abused or neglected without being able to assign responsibility for the abuse or neglect to a parent, guardian, or custodian. We hold that it does not.

## PROCEDURE AND ISSUES

{2} The Department appeals an order dismissing an abuse and neglect petition. The docketing statement raised the issue identified above, as well as two issues dealing with the admission and exclusion of evidence: (1) whether the trial court erred in ruling that evidence of Ernie L.'s prior acts of violence were more prejudicial than probative and therefore would not be admitted and (2) whether the trial court erred in excluding evidence of the prior acts of violence due to the Department's failure to provide the sort of discovery the trial court thought was appropriate in this abuse and neglect case. The trial court appeared to hold the Department to a standard of discovery that made the Department responsible for some of its witnesses even though the witnesses were not under the Department's control, a standard the Department contends is more consistent with criminal procedure than procedure in the civil case that it contends this abuse and neglect case is.

{3} The calendar notice proposed summary affirmance. On the issue of the construction of the statute, we proposed to hold that the clear language of the Abuse and Neglect Act prior to its 1997 amendment required the Department to show the respondent's responsibility for the abuse or neglect. On the issue of other bad acts, we proposed to hold that the matter was within the trial court's discretion. On the issue of discovery, we proposed not to reach any alleged error by the trial court in view of our proposal to affirm the trial court's exclusion of the evidence on Rule 11–403 NMRA 1998 grounds. The Department has timely responded to the

first two issues. Not persuaded by its arguments, we affirm.

## FACTS

{4} The unchallenged findings of the trial court show that Vincent L., the child of Deborah M. and Ernie L., suffered one, and possibly two, skull fractures before he was seven months old. The later skull fracture was discovered by Ernie's mother, Juanita L., in whose custody Vincent was, on August 3. Upon finding a soft spot on Vincent's head, Juanita told Deborah and Ernie, and they arranged immediate and appropriate medical attention for Vincent. The fracture occurred sometime between July 30 and August 2. During this time, Vincent had been in the custody at various times of Juanita, Ernie, Deborah, and a babysitter.

{5} The Department's evidence tended to show that the skull fracture was likely the result of being hit with a blunt object or being thrown against an object. The Department's experts testified that Ernie and Deborah's explanation—that the child had fallen—was unlikely and could not have caused such an injury. Respondents' expert, on the other hand, testified that the injury was not serious and that skull fractures among children are not uncommon.

{6} Although the Department's docketing statement contains a fuller recitation of the evidence, mainly showing that Respondents' evidence was not as worthy of weight as its own evidence, the Department has commendably not raised a sufficiency-of-the-evidence issue. An appellate court does not weigh the evidence and, as long as it is rational for the trial court in this case to have found that the Department did not meet its burden of proof, we will affirm on a sufficiency-of-the-evidence contention. *See Sanders v. Rosenberg*, 1997–NMSC–002, ¶ 11, 122 N.M. 692, 930 P.2d 1144; *Medina v. Berg Constr., Inc.*, 1996–NMCA–087, ¶ 17, 122 N.M. 350, 924 P.2d 1362. Because no sufficiency issue is raised, we do not deem it necessary to give a fuller statement of the facts.

## DISCUSSION

### 1. The Statute

{7} The Department continues to argue that it is not required to prove who caused the injury to a child in order to adjudicate a child physically abused. The Department generally argues that such a showing would be more appropriate in a criminal case, where the state is trying to show criminal culpability in order to mete out punishment. Such a showing should not be required, according to the Department, in this civil case in which the best interest of the child is paramount, a notion the Department contends was not fully appreciated by the trial court. We disagree that the trial court treated its fact finding in this case in any way other than appropriately under the Children's Code. The trial court carefully laid out the statutory elements of abuse and neglect and explained why the Department did not meet its burden of proof in the court's opinion. The findings give no suggestion that the trial court thought this case had criminal overtones.

{8} The Department's argument is based on its reading of the definitional section of the Abuse and Neglect Act, § 32A–4–2. Since the Department does not challenge the trial court's findings as to neglect, we limit our consideration to abuse. Prior to its amendment in 1997, Section 32A–4–2 provided a definition for "abused child" and a separate definition for "physical abuse."

B. "Abused child" means a child:

(1) who has suffered physical abuse, emotional abuse or psychological abuse *inflicted by the child's parent, guardian or custodian;*

(2) who has suffered sexual abuse or sexual exploitation *inflicted by the child's parent, guardian or custodian;*

(3) *whose parent, guardian or custodian has* knowingly, intentionally or negligently placed the child in a situation that may endanger the child's life or health; or

(4) *whose parent, guardian or custodian has* knowingly or intentionally tortured, cruelly confined or cruelly punished the child.

. . . .

D. "physical abuse" includes, but is not limited to, any case in which the child exhibits evidence of skin bruising, bleeding, malnutrition, failure to thrive, burns,

fracture of any bone, subdural hematoma, soft tissue swelling or death and:

   (1) there is not a justifiable explanation for the condition or death;

   (2) the explanation given for the condition is at variance with the degree or nature of the condition;

   (3) the explanation given for the death is at variance with the nature of the death; or

   (4) circumstances indicate that the condition or death may not be the product of an accidental occurrence[.]

(Emphasis added.) The 1997 amendment inserted an additional paragraph to the definition of "abused child" in Section 32A–4–2(B), designated as paragraph (1), and renumbered the other paragraphs (2) through (5). As currently written, Section 32A–4–2(B) reads: "'abused child' means a child: (1) who is at risk of suffering serious harm[.]" Section 32A–4–2(B)(1) (1997). Notably absent from this added subsection is any reference to the child's parent, guardian, or custodian.

{9} The Department argues that Sections 32A–4–2(B) and 32A–4–2(D) provide alternative ways for it to prove abuse with (B) applying when the parent, guardian, or custodian is responsible for the abuse and (D) applying when not. We believe that the Department's reading of this statute is in error. Section 32A–4–2(B) defines an abused child in several ways, including one who has been physically abused by a parent, guardian, or custodian. Section 32A–4–2(D) defines physical abuse. We believe that this definition of physical abuse, rather than providing an independent basis for proceeding on an abuse petition, simply defines what is meant by physical abuse in the definition for an abused child. Thus, a child adjudicated to be physically abused must exhibit certain injuries caused somehow by a parent, guardian, or custodian. There must be some evidence of culpability of a parent, even if that culpability amounts only to neglect under a civil standard.

{10} The Department argues that not all situations of abuse or neglect require parental culpability. *See* Section 32A–4–2(C)(4). We disagree. Prior to the 1997 amendment, all situations require some degree of culpability or responsibility on the part of the parent, even if the parent is incapable of discharging parental duties because of a mental illness. As defined by the Abuse and Neglect Act prior to the 1997 amendment, a child is either neglected or abused due to actions or inactions by a parent or guardian. The Department must still show that the parent or guardian had a duty to the child and through some action or inaction allowed the child to be harmed or neglected. There is no requirement of criminal culpability, but there must still be a showing that the parent or guardian was responsible somehow for the harm.

{11} The Department argues that subsection (D) and subsection (B) are at odds and cannot be read together as we propose. It argues that subsection (D) is predicated on not knowing the circumstances under which the child was injured. While we agree that the purpose of subsection (D) is to clarify that abuse may be present even if the exact circumstances of the injury cannot be proved, that is not the import of the statute. Rather, this section is directed at injuries, the explanation for which is at variance with the injury. There is nothing in the statute regarding who caused the injury; rather, the statute is directed to how the condition came to be. Who caused the injury is left to subsection (B), which defines an abused child. We cannot agree with the Department that the two sections are at odds and must stand alone as separate bases for adjudication of abuse.

{12} While we find the Department's argument regarding protection of young children compelling, we do not believe that the legislature intended to make evidence of physical abuse alone, without any evidence that a parent was in some fashion responsible for the injury, enough to prove a child abused under the Act as it read prior to 1997. "We presume that the legislature is well informed as to existing statutory and common law and does not intend to enact a nullity, and we also presume that the legislature intends to change existing law when it enacts a new statute." *Incorporated County of Los Alamos v. Johnson,* 108 N.M. 633, 634, 776 P.2d 1252, 1253 (1989); *see also State v.*

*Tabaha,* 103 N.M. 789, 791, 714 P.2d 1010, 1012 (Ct.App.1986) (legislature will not be presumed to enact useless legislation). While we do not disagree with the Department that child abuse that is unable to be proved against a particular person is a serious societal problem, for the foregoing reasons, we do not believe that the legislature specifically addressed the problem until 1997.

### 2. Other Bad Acts Evidence

■ {13} The Department continues to argue that the trial court should have admitted evidence of an action of pinching another child and an act of domestic violence, both on the part of Ernie L. While it agrees that evidentiary determinations are to be left to the discretion of the trial court, it argues that in a situation such as this, where there was no jury that could be misled by such evidence, the trial court should have admitted the evidence and given it whatever weight it merited. We cannot say that the trial court abused its discretion in determining here that the evidence was more prejudicial than probative and excluding it.

{14} The Department has done nothing in its memorandum in opposition to counter the reliance in our calendar notice on cases such as *Cadle Co. v. Phillips,* 120 N.M. 748, 750, 906 P.2d 739, 741 (Ct.App.1995). That case, as well as *State v. Bowman,* 104 N.M. 19, 22, 715 P.2d 467, 470 (Ct.App.1986), on which it relied, stand squarely for the proposition that a trial court is not compelled to admit evidence simply because another case has held similar evidence admissible.

{15} In this case, the crucial issue before the trial court was the identity of the person who abused Vincent. That the trial court could have found that Vincent was abused was not so much at issue below. In fact, the trial court found that the child had a skull fracture for which neither Respondent could provide a satisfactory explanation. *See* § 32A–4–2(D). We cannot say that the trial court abused its discretion in ruling that the prejudice of the tendered evidence outweighed the probative value.

**CONCLUSION**

{16} For the reasons stated herein and in the calendar notice, we affirm.

{17} **IT IS SO ORDERED.**

BOSSON and BUSTAMANTE, JJ., concur.