2008-NMCA-061

183 P.3d 956

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**Gabriel HORTON, Defendant–Appellee.**

**No. 26,504.**

Court of Appeals of New Mexico.

Feb. 15, 2008.

Certiorari Denied, No. 30,985, April 1, 2008.

Gary K. King, Attorney General, Santa Fe, NM, M. Victoria Wilson, Assistant Attorney General, Albuquerque, NM, for Appellant.

John Bigelow, Chief Public Defender, Joseph P. Walsh, Assistant Appellate Defender, Santa Fe, NM, for Appellee.

## OPINION

PICKARD, Judge.

{1} In this case, we decide whether the State has a right to appeal the decision of the district judge involving Defendant's sentence for a misdemeanor. As the appeal is not from a suppression of evidence or a dismissal of one or more counts of a complaint, indictment, or information, *see* NMSA 1978, § 39-3-3(B) (1972) (providing the statutory authority for these two types of appeals by the State in criminal cases), we must decide whether the State is appealing from a disposition contrary to law, *see State v. Santil-*

*lanes,* 96 N.M. 482, 485–86, 632 P.2d 359, 362–63 (Ct.App.1980) (holding that in addition to statutory appeals, the State has a constitutional right to appeal a disposition contrary to law), *rev'd in part on other grounds,* 96 N.M. 477, 632 P.2d 354 (1981). Thus, as a practical matter, we must decide the merits of the issues the State raises in order to determine if it has a constitutional right to appeal.

{2} We hold that under the circumstances of this case, the district judge could properly determine that defense counsel's assurances to Defendant that he would be eligible to earn good time credits, despite the fact that such eligibility was subject to the committing judge's discretion, constituted ineffective assistance of counsel and provided grounds for relief. We further hold that when Defendant asked both the committing magistrate judge and the district judge to authorize the earning of good time or to allow him to withdraw his plea, and when the State did not object to the requested relief except on the ground that the committing magistrate judge was entitled to exercise discretion to disallow good time, we will uphold the district judge's decision to authorize the earning of good time. We therefore dismiss the State's appeal.

**FACTS AND PROCEEDINGS**

{3} Pursuant to a plea bargain in which a felony charge was dismissed, Defendant pleaded guilty to one misdemeanor count of resisting, evading, or obstructing an officer. The plea and disposition agreement stated that Defendant was to be sentenced to 364 days in the county jail with none suspended or deferred and no fine imposed. Prior to entry of the plea, defense counsel told Defendant that he would earn good time in the county jail such that he could get out of jail in six months with good behavior. Defense counsel did not discuss his understanding or what he told Defendant with either the prosecutor or the magistrate judge who took the plea. Further, based on his experience in another part of the state where he was a prosecutor and where good time was routinely allowed in order "to clear out the jails," the prosecutor erroneously assumed at the time that this was also a routine practice in

the magistrate court in this case, although the prosecutor did not mention that assumption to either the magistrate judge or defense counsel.

{4} After the magistrate judge sentenced Defendant to 364 "mandatory" days in jail, Defendant filed a motion to amend the judgment and sentence to eliminate the word "mandatory" as violating the plea agreement or, in the alternative, to rescind the plea and disposition agreement. The basis for the motion was that the jail administrator interprets the word "mandatory" to mean that a defendant is not allowed to earn good time. When the magistrate denied both forms of relief, Defendant appealed to the district court.

{5} In opposition to Defendant's argument that he should either be given a sentence in accordance with his expectations or be allowed to withdraw his plea, the prosecutor argued that NMSA 1978, § 33–3–9(A) (1995) gave the magistrate judge discretion as to whether to allow good time and, because the plea agreement did not contain any provision stripping the magistrate judge of this discretion, relief should be denied. The prosecutor made this argument notwithstanding his own unexpressed assumption and the understanding of Defendant's attorney that he conveyed to Defendant that Defendant would, with good behavior, serve only half of his 364–day sentence. The district judge found that the basis of the bargain was that Defendant be allowed to earn good time and ordered the magistrate judge to strike the word "mandatory" from the judgment and sentence. On remand, the magistrate judge struck the word "mandatory," but inserted a provision stating that Defendant would not be allowed good time.

{6} Defendant again appealed, and the district judge again ruled in his favor, entering an order allowing Defendant to earn good time. It is from this order that the State appeals, originally contending only that the terms of the plea agreement did not reasonably permit either Defendant or his counsel an understanding that Defendant would be allowed to earn good time and therefore the magistrate judge was within his discretion under Section 33–3–9(A) to disallow good

time. *See State v. Orquiz*, 2003–NMCA–089, ¶7, 134 N.M. 157, 74 P.3d 91 (stating that plea agreements are interpreted according to what the defendant reasonably understood).

{7} The State's brief in chief did not contend that relief is limited to withdrawal of the plea as opposed to an order of what amounts to specific performance. We entered an order directing the parties to file supplemental briefs addressed to whether the district judge's ruling might have been right for the wrong reason, because the undisputed facts indicated that Defendant's plea was involuntary or the result of ineffective assistance of counsel and that enforcement of what the district judge found to be a gentlemen's agreement between the prosecutor and defense counsel was proper as a matter of fairness, particularly since the State never argued below that Defendant's remedy should be limited to plea withdrawal. Our order for supplemental briefing was based on the well-established proposition that a decision of the district court will be upheld on appeal if it is right for the wrong reasons. *See Westland Dev. Co. v. Romero*, 117 N.M. 292, 293, 871 P.2d 388, 389 (Ct.App. 1994) ("An appellate court will affirm a lower court's ruling if right for any reason."); *see also Shultz v. Ramey*, 64 N.M. 366, 369, 328 P.2d 937, 938 (1958) ("Review is for correction of an erroneous result, rather than merely to approve or disapprove the grounds on which it is based."); *State ex rel. State Highway Dep't v. Strosnider*, 106 N.M. 608, 612, 747 P.2d 254, 258 (Ct.App.1987) ("[A] correct decision of the trial court will not be reversed if under any reasonable view of the facts and law, the judgment is proper."). The supplemental briefs have now been filed, and we answer the State's contentions in both its original brief and in its supplemental brief.

## DISCUSSION

{8} The statute pursuant to which the State contends that Defendant's sentence with good time allowed is contrary to law is Section 33-3-9. That section provides:

The sheriff or jail administrator of any county, with the approval of the committing judge or presiding judge, may grant any person imprisoned in the county jail a deduction of time from the term of his sentence for good behavior and industry and shall establish rules for the accrual of "good time". Deductions of time shall not exceed one-half of the term of the prisoner's original sentence.

Section 33-3-9(A). Thus, to the extent that the State argues that this statute requires the approval of the "committing judge or presiding judge" before good time is allowed, we agree with its reading of the statute. Throughout this opinion, we use the word "allow" to mean the situation where the committing or presiding judge has either expressly or implicitly approved so that the sheriff or jail administrator may grant appropriate deductions. However, the existence of the sentencing judge's discretion to either allow or disallow good time does not alone answer the question of whether the district judge's disposition was contrary to law. We must also consider the unique facts and posture of this case.

{9} Our cases have limited the construction of "disposition contrary to law" to situations in which a mandatory statute was being violated; dispositions in which the State has a strong interest in enforcing its statutes, rules of court, or lawful jury verdicts; or dispositions in which a district court's decision affects matters of grave importance. *See, e.g., State v. Aguilar*, 95 N.M. 578, 579, 624 P.2d 520, 521 (1981) (involving the district judge's refusal to impose a statutorily mandated firearm enhancement on the ground that the district judge believed the statute was unconstitutional; noting that "the State does not have an absolute right to appeal in every situation in which it may feel 'aggrieved' by a trial court's ruling" and permitting the appeal on the ground of the "State's strong interest in the enforcement of its statutes"); *State v. Griffin*, 117 N.M. 745, 747–50, 877 P.2d 551, 553–56 (1994) (acknowledging the state's strong interest in upholding lawful jury verdicts and limiting state's appeals from grants of motions for new trials to pure questions of law); *State v. Abril*, 2003–NMCA–111, ¶¶20, 22, 134 N.M. 326, 76 P.3d 644 (involving a case in which the district court did not follow a statute making it

mandatory to indicate "whether or not" the defendant had committed a serious violent offense); *In re Christobal V.*, 2002–NMCA–077, ¶¶ 1, 8, 132 N.M. 474, 50 P.3d 569 (involving a judge who reduced a child's sentence long after the time for doing so had expired); *State v. Armijo*, 118 N.M. 802, 805–06, 887 P.2d 1269, 1272–73 (Ct.App.1994) (involving the district court's disqualification of attorney general's office under circumstances where the attorney general was required to act by statute).

{10} The case before us today does not involve a sentence that is on its face illegal. The pertinent statute provides that the matter of allowing good time is discretionary. Section 33–3–9(A). In order to elevate the interest in this case to the level required by the above cases illustrating dispositions contrary to law, we would be required to say that the district judge's reversal of the magistrate judge's denial of good time is comparable to ignoring a mandatory statute or completely denying a state official the opportunity to perform required duties and that a defendant's interest in the voluntariness of his plea or the effectiveness of his counsel is worth nothing. On the facts of this case, we are not inclined to say either.

{11} In particular, with regard to the voluntariness of Defendant's plea and the effectiveness of his counsel, it was undisputed below that Defendant and his counsel were under the mistaken impression that Defendant would be allowed to earn good time. It was further undisputed that Defendant's counsel told Defendant this. Although the State contends in its supplemental brief that these are factual issues that were not litigated below, that Defendant presented no "evidence" of these facts, and that it would be unfair to the State to decide the case on these grounds, we disagree with each of the State's assertions. Similarly, although the magistrate judge was not required to do so, it was undisputed that the magistrate judge never informed Defendant or his counsel that he could or would disallow good time prior to accepting the plea. The matter was simply not mentioned during the plea proceedings.

{12} The State relies on the exception to the "right for the wrong reason" doctrine

that holds that an appellate court may not rely on the doctrine if it would be unfair to the appellant to do so. *See Meiboom v. Watson*, 2000–NMSC–004, ¶ 20, 128 N.M. 536, 994 P.2d 1154. We do not believe that it would be unfair to the State to rely on what were undisputed facts below, particularly when the district judge spent much of the hearing before him ascertaining what the facts were insofar as what Defendant was told and not told about whether he would be able to earn good time. The prosecutor below certainly understood that the issue of ineffective assistance of counsel based on counsel's advice was potentially before the court because he twice told the judge that a habeas corpus proceeding was more appropriate than an appeal.

{13} The State also relies on the doctrine that argument of counsel and factual assertions made by counsel are not evidence and cannot be used to prove facts. *See, e.g., State v. Boergadine*, 2005–NMCA–028, ¶ 37, 137 N.M. 92, 107 P.3d 532; *State v. Wacey C.*, 2004–NMCA–029, ¶ 13, 135 N.M. 186, 86 P.3d 611; *State v. Cochran*, 112 N.M. 190, 192, 812 P.2d 1338, 1340 (Ct.App.1991). However, these cases are inapposite. *Boergadine* and *Wacey* involved factual assertions that appeared to be made for the first time on appeal. *Cochran* did involve assertions that were made to the trial court, but importantly that case drew a distinction between assertions of counsel in the motion that the trial court accepted as fact and assertions made orally at the hearing after the trial court permitted counsel to present "additional evidence." It was only the assertions made in argument at the hearing that this Court did not consider as fact. *See Cochran*, 112 N.M. at 192, 812 P.2d at 1340. In the present case, the facts were established by the district judge's specific interrogation of counsel at the hearing. Neither counsel objected to this procedure below.

{14} Further, contrary to the State's suggestion that an additional evidentiary hearing is required so that the State can establish that perhaps Defendant's counsel did not tell him that he would be able to earn good time, that counsel did not tell Defendant that prior to the entry of the plea, that

Defendant did not rely on that advice, or that such advice was not important to Defendant, all of these facts were established by the judge by interrogating counsel at the hearing. Although the State is correct that there was some ambiguity in defense counsel's assertions early in the hearing, defense counsel later explained to the judge that he remembered going to talk to Defendant in jail when the plea was offered and telling him that he would be allowed to earn good time, after which Defendant said he would take the plea. Defense counsel also told the judge that he remembered talking with Defendant about the same subject after the plea agreement. To a like effect, our answer to the State's contention that a further hearing might reveal different evidence because the prosecutor informed the district judge that he had no way of challenging defense counsel's assertions is that the prosecutor said no such thing. What the prosecutor said was that he affirmatively believed defense counsel's assertions. Later in the hearing, after being admonished by the district judge that the judge was more interested in "practical" things and the "right thing" to do, the prosecutor said that defense counsel "obviously" told Defendant that the sentence would amount to 180 days. The district judge complimented the prosecutor on his honesty. Finally, Defendant's reliance on his counsel's advice and the importance of that advice to him was conclusively established by his repeated requests in both the magistrate court and in the district court to withdraw his plea if those courts were not going to allow him to earn good time.

{15} Under factual circumstances similar to those in the case at bar, New Mexico case law holds that a defendant's plea is involuntary or that ineffective assistance of counsel makes it so. *See, e.g., State v. Paredez,* 2004–NMSC–036, ¶¶ 12–16, 136 N.M. 533, 101 P.3d 799 (holding that it was ineffective assistance of counsel for an attorney to fail to advise a defendant that he would almost certainly be deported when he entered a particular plea, and as a result the defendant must be allowed to withdraw his plea as being involuntary and unknowing); *State v. Garcia,* 121 N.M. 544, 549–50, 915 P.2d 300, 305–06 (1996) (holding that a failure to advise the defendant of the potential penalties makes the plea involuntary and unknowing, and as a result the defendant must be allowed to withdraw his plea).

{16} In our order directing further briefing, we said that courts "have repeatedly held that a defendant may challenge the voluntariness of a guilty plea when the defendant was misinformed about sentencing consequences resulting in a more onerous sentence than anticipated." *State v. Mendoza,* 157 Wash.2d 582, 141 P.3d 49, ¶ 10 (2006) (en banc). Moreover, we pointed out that the Tenth Circuit "recognize[s] that [a] plea may be involuntary when an attorney materially misinforms the defendant of the consequences of the plea or the court's probable disposition." *Braun v. Ward,* 190 F.3d 1181, 1189 (10th Cir.1999) (internal quotation marks and citation omitted).

{17} The State contends that these statements are not controlling because this case is more like one of a defendant's attorney misestimating what a sentence might be and, at most, what occurred here was an inaccurate prediction. However, defense counsel stated that he told Defendant that Defendant would be able to earn good time such that Defendant would be able to get out of jail in six months. This was not a miscalculation or an erroneous estimate, but was instead a definite statement of the upper limit of what Defendant would have to serve with good behavior.

{18} The State also contends that there is no proof that Defendant wanted to withdraw his plea if his preferred remedy of ordering the allowance of good time was not granted. The State contends that we should do what the Supreme Court did in *Paredez,* which is to remand for a hearing at which the parties could offer evidence on the question of prejudice from counsel's inaccurate advice. *See* 2004–NMSC–036, ¶ 21, 136 N.M. 533, 101 P.3d 799 (indicating that counsel's statement during the plea hearing suggesting that counsel gave erroneous advice together with a motion to withdraw the plea six days after sentencing raised a strong inference of ineffective assistance of counsel but did not establish a conclusive enough

case for the appellate court to so hold). In our case, however, we have an undisputed showing of erroneous advice together with timely and repeated motions to withdraw the plea if the court was not going to require Defendant to be allowed to earn good time. More importantly, we also have a trial court granting relief, indicating that it found the facts in Defendant's favor, which was not the case in *Paredez*. The procedural posture of an appeal often determines its result. *See, e.g., State ex rel. Children, Youth & Families Dep't v. Vincent L.*, 1998–NMCA–089, ¶¶ 13–15, 125 N.M. 452, 963 P.2d 529 (holding that a court does not abuse discretion in excluding evidence the admission of which might have been upheld in another case); *State v. Anderson*, 107 N.M. 165, 168, 754 P.2d 542, 545 (Ct.App.1988) (holding that the question on appeal is not whether the evidence would have supported another result, but rather when the evidence supported the result reached). Thus, when we are affirming a particular result, we see no reason to remand to give the district court an opportunity to find the facts that it has already found. At the time of the first hearing below, the State was aware that Defendant had a potential habeas corpus remedy of plea withdrawal that Defendant requested as an alternative remedy, and the State was also aware that it had no factual case to controvert Defendant's argument that counsel misinformed him of the consequences of the plea. In fact, the State's suggestion, made twice below, that Defendant's proper remedy was habeas corpus when the State did not dispute the factual basis for Defendant's request for relief smacks of elevating form over substance.

{19} The State contends that this case should be remanded to the district court so that it can argue to the district judge that the proper remedy in this case is plea withdrawal. While we are hesitant to rule that the State waived this issue below, it is a general rule that "[t]he State, as any other party, is subject to the rule that it must make its contentions known in the trial court." *State v. Carlos A.*, 1996–NMCA–082, ¶ 8, 122 N.M. 241, 923 P.2d 608. We are hesitant because Defendant did not make a clear argument below concerning ineffective assistance of counsel or an involuntary plea.

Nonetheless, the facts suggesting that argument were before the district judge, the State appreciated below that Defendant's remedy may more appropriately be habeas corpus, and the district judge expressly said that he did not want to rely on legal formalities and wanted to do the right thing. The State's main argument was that nothing in the facts of this case could deprive the magistrate judge of discretion to disallow good time. Defendant's main argument was that the facts of this case required the allowance of good time or plea withdrawal. The State, while admitting the facts that would have required plea withdrawal, did not argue that plea withdrawal was the only proper remedy. Additionally, it has been two years now since Defendant finished serving the six month sentence that the district judge ruled he was required to serve. For all of these reasons, we do not believe it is particularly unfair to the State to rule that the district judge's decision is affirmable.

{20} Finally, in response to our order for supplemental briefing, the State contends that the district judge did not even have jurisdiction to do anything other than hear the case de novo on Defendant's appeal from magistrate to district court once it found that the plea was involuntary. The State relies on *State v. Gallegos*, 2007–NMCA–112, ¶¶ 9, 18, 142 N.M. 447, 166 P.3d 1101, for this argument. *Gallegos* does not go as far as the State would like. To the contrary, we believe that a different part of that case actually supports our ruling here. *Gallegos* was a case in which the defendant contended that his plea in magistrate court was invalid and the record did not show validity. *Id.* ¶ 3. We held that the district court could conduct an evidentiary hearing on the question of validity. That is essentially what the district judge did here, albeit with a different result.

{21} The portion of *Gallegos* that supports our ruling is found at the end of the opinion. *Id.* ¶¶ 20–21. We held that although the district court correctly ruled that it did not have jurisdiction over the appeal and dismissed it once it found the plea valid, the district court nonetheless had jurisdiction to address sentencing irregularities and require

the deletion of illegal portions of the sentence. We said that this was a common sense approach to jurisdiction, and it is the same common sense that the district judge used below and that we here affirm. The district judge was presented with undisputed facts that showed injustice, and he ruled in a way to correct that injustice.

## CONCLUSION

{22} For these reasons, granting Defendant relief from his involuntary plea was not improper, and therefore the district judge's order was not a disposition contrary to law. Accordingly, we dismiss the State's appeal.

{23} **IT IS SO ORDERED.**

WE CONCUR: JONATHAN B. SUTIN, Chief Judge, and CYNTHIA A. FRY, Judge.