This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                         **NO. 32,133**

**LUIS ORDONEZ,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Denise Barela Sheperd, District Judge**

Gary K. King, Attorney General
Albuquerque, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Josephine H. Ford, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Judge.**

Defendant appeals the affirmance by the district court of his DWI conviction in metropolitan court. He contends that the district court erred in relying on *City of Santa Fe v. Martinez*, 2010-NMSC-033, 148 N.M. 708, 242 P.3d 275, to address his claim that he was improperly arrested under the misdemeanor arrest rule. He argues that neither the district court nor this Court could rely on *Martinez* because to do so would give it retroactive application. We proposed to affirm the district court's application of *Martinez*. Defendant has timely responded. We have considered his argument and, not being persuaded, we affirm because the district court was right, although for the wrong reasons.

Our case law in the DWI context has developed an entire line of cases to deal with the problem of a DWI charge where the defendant was not seen driving the vehicle. *See State v. Sims*, 2010-NMSC-027, 148 N.M. 330, 236 P.3d 642 (discussing the development of the law on actual physical control). This was the problem in *Martinez* that an officer, who had observed no driving or intoxicated behavior, could operate on third-party information and effecting an arrest based on further observations personally obtained at the defendant's home.

We do not need to go any farther in this case than *State v. Lyon*, 103 N.M. 305, 706 P.2d 516 (Ct. App. 1985), which the defendant mistakenly argued to the district court stood for the proposition that a police team exception applies when an officer

needs to call for assistance due to some exigency, or situations involving cooperative police efforts. *Id.* at 309, 706 P.2d at 520. *Lyon* states that, under the police-team qualification, "a member of the police-team may arrest for a misdemeanor committed in the presence of another member of the police-team when their collective perceptions are combined to satisfy the presence requirement." *Id.* at 308, 706 P.2d at 519. Such is the case here. *Martinez* involved no officer-involved conduct.

In this case, Defendant was pulled over by one officer and observed at the scene, including behind the wheel of his car, by a total of three officers, the third of whom performed the DWI investigation and arrested him. We believe that this case is squarely within the ambit of *Lyon* and reference to *Martinez* by the district court was inapposite. To the extent that *Lyon* foreshadowed that misdemeanor arrest might not apply in DWI cases, we hold that the misdemeanor arrest rule was unnecessary in this case. We conclude that the district court was right, despite applying *Martinez*. *State v. Horton*, 2008-NMCA-061, ¶ 7, 144 N.M. 71, 183 P.3d 956 (holding that the district court will be affirmed of right for wrong reasons).

Defendant continues to seek to amend his docketing statement to include his issue relating to his motion to suppress. In so doing, he acknowledges that he did not present the issue to the district court. However, he argues that this Court may exercise its discretion to hear unpreserved issues if they involve the public interest,

3

fundamental error, or fundamental rights.  We exercise our discretion and decline to consider the unpreserved error.

For the reasons stated herein and in the calendar notices, we affirm.

**IT IS SO ORDERED.**


_____

**RODERICK T. KENNEDY, Judge**


**WE CONCUR:**


_____

**CELIA FOY CASTILLO, Chief Judge**


_____

**TIMOTHY L. GARCIA, Judge**