2008-NMCA-103

189 P.3d 707

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**Steve Lee LAYNE, Defendant–Appellee.**

No. 27,467.

Court of Appeals of New Mexico.

June 26, 2008.

Gary K. King, Attorney General, Katherine Zinn, Assistant Attorney General, Santa Fe, NM, for Appellant.

Ronald R. Adamson, Farmington, NM, for Appellee.

## OPINION

VIGIL, Judge.

{1} Law enforcement officers used a confidential informant (CI) in a controlled purchase of methamphetamine. The State voluntarily disclosed the informant's identity to Defendant because it intended to call her as a witness at trial. The district court then ordered the State to provide discovery about her prior work as a confidential informant. The State refused to comply with the order, and the district court entered its order prohibiting the CI from testifying at trial. The State appeals, arguing that the district court erred in (1) ordering the discovery and (2) excluding testimony from the CI at trial. Finding no abuse of discretion, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

{2} Defendant was arrested and charged with one count of distribution of methamphetamine after law enforcement officers used the CI in a controlled purchase. Prior to the controlled purchase, the officers searched the CI and her vehicle and equipped her with a sound transmitter. The CI subsequently emerged from Defendant's residence with approximately 5.2 grams of methamphetamine in her possession. The CI was paid for her participation in the controlled purchase.

{3} Defendant filed a motion seeking disclosure of the CI's identity and impeaching information such as her prior arrest and conviction records, information regarding any promises or agreements she made with law enforcement or the State, and any information revealing her interest, motive, or bias. The State conceded that the CI's identity was subject to disclosure because it intended to call her as a witness at trial, and it agreed to make her available for an interview by defense counsel. Following the interview, Defendant requested "full disclosure of the witness's work with Region II, including names of all 'targets,' or people with whom she and Region II agents made drug deals in an undercover capacity." The State objected to disclosure of this information, arguing that the information was irrelevant, that the CI's identity was not revealed in the other cases, and that such revelation could pose a threat to her safety. The State also argued that Defendant failed to show how the information was relevant, helpful, or necessary to his defense.

{4} The district court held an *in camera* hearing in which it reviewed the information sought by Defendant and heard arguments from both the State and Defendant. Following the hearing, the district court made specific findings that (1) the witness CI was in fact an "actual participant" in the investigation of the case; (2) the witness was one of only two eye witnesses to the crime charged, the other being Defendant; (3) it was the action of the State and its officers that caused the witness to be transformed from a CI into an eye witness; (4) the State's case relies on the veracity of its eye witness; and (5) the documents sought by Defendant would describe the activities of the witness when she was working for the State as an informant and may lead to relevant evidence to attack her credibility. In accordance with its findings, the district court granted Defendant's discovery motion.

{5} The State refused to provide the information in violation of the court order. As a result, the district court ordered that the CI's testimony be excluded at trial.

## DISCUSSION

### Discovery Order

{6} The State appeals the district court's discovery order. "The granting or denial of discovery in a criminal case is a matter peculiarly within the discretion of the trial court which we review under an abuse of discretion standard." *State v. Desnoyers,* 2002–NMSC–031, ¶ 25, 132 N.M. 756, 55 P.3d 968 (internal quotation marks and citation omitted), *abrogated on other grounds as recognized by State v. Forbes,* 2005–NMSC–027, ¶ 6, 138 N.M. 264, 119 P.3d 144. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *State v. Rojo,* 1999–NMSC–001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citation omitted).

{7} The State's argument relies heavily on language our appellate courts have used in cases in which we have affirmed the district courts' refusal to order discovery in certain situations. However, the fact that a district court does not abuse its discretion in refusing to order discovery in a certain situation does not establish that another court will abuse its discretion in ordering discovery in a like situation. *Cf. State ex rel. Children, Youth & Families Dep't v. Vincent L.,* 1998–NMCA–089, ¶ 14, 125 N.M. 452, 963 P.2d 529 (indicating, in the analogous discretionary area of admission or exclusion of evidence, that a trial court is not compelled to admit evidence simply because another case has held similar evidence admissible). The very

essence of discretion is that there will be reasons for the district court to rule either way on an issue, and whatever way the district court rules will not be an abuse of discretion. *See Mayeux v. Winder*, 2006–NMCA–028, ¶ 43, 139 N.M. 235, 131 P.3d 85. The State's arguments in this case are not consistent with the applicable standard of review.

{8} The district court held an *in camera* hearing in which it reviewed the document Defendant sought to discover. The document contained a list of cases the CI had assisted law enforcement with, as well as the disposition of those cases. At the hearing, Defendant argued that while the actual information on the document may not contain evidence which would be admissible at trial, it might lead to the discovery of evidence relevant to his defense. The State argued that the document was irrelevant and that the CI's safety might be compromised by disclosure because the individuals involved in the other cases did not know her identity.

{9} In making its ruling, the district court considered Rule 5–503(C) NMRA, entitled "Scope of discovery," which states:

> Unless otherwise limited by order of the court, parties may obtain discovery regarding any matter, not privileged, which is relevant to the offense charged or the defense of the accused person, including the existence, description, nature, custody, condition and location of any books, documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

*Id.* Noting that the CI was the only eye witness to the alleged crime and that the State's case rests heavily on her testimony, the district court concluded that the document could lead to relevant evidence to attack her credibility and ordered its production. The district court stipulated that the document be released exclusively to defense counsel, with the understanding that counsel was not permitted to disclose the information to Defendant or any third parties.

{10} The State, as the appellant, bears the burden of establishing an abuse of discretion. *See State v. Sosa*, 1997–NMSC–032, ¶ 7, 123 N.M. 564, 943 P.2d 1017. Here, the State argues that the district court abused its discretion by disregarding the danger that disclosure might pose to the CI. However, as Defendant points out, the district court ordered disclosure with the understanding that defense counsel was prohibited from disclosing the information to Defendant or any third parties. The district court did not exhibit a "cavalier disregard" for the CI's safety, as argued by the State, but rather acknowledged the potential danger and took reasonable measures to protect the CI's identity. To the extent that the State argues that the district court's limitation was oral and therefore not a final order that defense counsel was required to heed, we disagree. The district court did not in fact change its mind in its written order; the order simply did not contain the oral limitation. Defense counsel was still required to obey the limitation. *See State v. Cherryhomes*, 114 N.M. 495, 499, 840 P.2d 1261, 1265 (Ct.App.1992) (holding that a person with knowledge of a court's oral order must obey that order or be subject to contempt sanctions).

{11} The State also argues that the district court abused its discretion by ordering disclosure based on the premise that the document might lead to impeaching information. However, Rule 5–503(C) clearly states that Defendant has a right to information that is "reasonably calculated to lead to the discovery of admissible evidence." The rule does not require absolute proof that it will lead to evidence, nor does it require Defendant to specify what evidence will be discovered. The State has failed to include the document in question as part of the record, thereby hampering our review. *See State v. Kurley*, 114 N.M. 514, 518, 841 P.2d 562, 566 (Ct.App.1992) ("When the record provided by [a] defendant is incomplete, this [C]ourt will presume that the absent portions of the record support the trial court's actions."). As a result, we find no evidence contradicting the finding that the information is reasonably

**578**

calculated to lead to impeaching evidence. Moreover, defense counsel represented to the district court that the tape of the transaction was ambiguous as to whether a drug sale had in fact taken place. The State faults defense counsel for not .elaborating on the ambiguity, but the district court was entitled to credit the representation in determining that further inquiry into the credibility of the witness was required. Therefore, we find no abuse of discretion.

**Exclusion of Testimony**

 {12} The State appeals the district court's exclusion of the CI's testimony from trial. "Sanctions for noncompliance with discovery orders are discretionary with the trial court." *State v. Jackson,* 2004–NMCA–057, ¶ 10, 135 N.M. 689, 92 P.3d 1263. " '[A]n abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances in the case.' " *Id.* (quoting *Mathis v. State,* 112 N.M. 744, 747, 819 P.2d 1302, 1305 (1991)).

{13} Excluding the CI's testimony from trial was within the district court's discretion. After conducting a hearing on the matter, the district court ordered the State to provide the requested information to ensure that Defendant had the opportunity to discover any relevant evidence attacking the credibility of its only eye witness. The State intentionally chose not to comply with the order. "[U]pon failure to obey a discovery order, the court may enter such order as is appropriate under the circumstances." *State v. Doe,* 92 N.M. 354, 356, 588 P.2d 555, 557 (Ct.App.1978); *see* Rule 5–503.2(B)(2) NMRA ("If a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just."). In refusing to disclose the compelled information, the State denied Defendant the opportunity to discover impeaching evidence. "Impeachment is crucial to effective cross-examination because it gives a party the opportunity to discredit a witness, so the jury properly has a way to determine whether a witness is untruthful or inaccurate." *State v. Gomez,* 2001–NMCA–080, ¶ 12, 131 N.M. 118, 33 P.3d 669. "The right of cross-examination

is a part of the constitutional right to be confronted with the witnesses against one." *State v. Sparks,* 85 N.M. 429, 430, 512 P.2d 1265, 1266 (Ct.App.1973). We conclude the district court did not abuse its discretion by excluding the CI's testimony at trial.

**CONCLUSION**

{14} Affirmed.

{15} **IT IS SO ORDERED.**

WE CONCUR: LYNN PICKARD and IRA ROBINSON, Judges.