This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                              **NO. 34,673**

**ADAN H.,**

Child-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DON˜A ANA COUNTY**
**Marci E. Beyer, District Judge**

Hector H. Balderas, Attorney General
Laura E. Horton, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**FRENCH, Judge.**

{1}     Adan H. (Child) appeals the revocation of his juvenile probation by the district court. Child argues that the court committed reversible error because two witnesses were improperly allowed to testify at the revocation hearing and because Child's juvenile probation was revoked without sufficient evidence. We disagree with Child and affirm the order revoking Child's juvenile probation.

**BACKGROUND**

{2}     Child was on supervised juvenile probation as a result of his no contest plea to a charge of criminal damage to property and subsequent probation violations. The State filed a petition to revoke his probation, alleging that Child was involved in an altercation with another student and received a long-term suspension from school for possession of a pocket knife on school grounds. As a consequence, Child failed to meet the following conditions of his probation: attend school without an unexcused absence and maintain an acceptable behavior record, refrain from the possession of weapons, and refrain from any act forbidden by law. The district court held an adjudicatory hearing and subsequently found that Child violated his probation as alleged in the State's petition. Additional facts will be provided as necessary in our discussion of the issues.

**EXCLUSION OF WITNESSES**

{3}     The State's witness list identified "[a]ny and all witnesses named in police reports and/or statements" in addition to one named witness and two other categories of witnesses. At the hearing, the State called the police officer, who wrote the police report, and the assistant principal of Child's school, who was named in that report. Neither witness was mentioned by name in the State's witness list. Child objected to the testimony of both witnesses and argued that they should be excluded because the State's witness list was vague and, therefore, legally inadequate under the applicable disclosure rule. Child did not request any lesser remedy than the exclusion of the witnesses. The applicable rule—Rule 10-231(A)(5) NMRA—requires the State to have disclosed or made available to Child "a written list of the names and addresses of all witnesses which the court attorney intends to call at the adjudicatory hearing" within ten days of the filing of the petition to revoke his probation.[1] The State responded that the witnesses were properly disclosed because they were named in the police report and the State timely provided Child with the relevant police report by uploading it to the case management system (CMS). The district court overruled Child's objection to the testimony of the police officer and the assistant principal.

_____

[1] Rule 10-231 applies to petitions alleging delinquency, not a petition to revoke probation, as was filed in this case. However, NMSA 1978, Section 32A-2-24(B) (2009), provides that proceedings to revoke the probation of a child are governed with regard to discovery by the rules applicable to delinquency proceedings. Therefore, Rule 10-231(A)(5) provides the relevant standard for the State's witness list in this probation revocation proceeding.

Although the court did not offer its reasoning concerning the assistant principal, the court explained that it allowed the police officer to testify because the witness list disclosed the State's intention to call persons named in the police report, the police report named the police officer, and the police report was provided to Child via the CMS.

{4} On appeal, Child argues that the district court committed reversible error by allowing the witnesses to testify. We review "[a] trial court's decision to admit or exclude evidence for failure to comply with notice and disclosure requirements . . . for an abuse of discretion." *State v. Guerra*, 2012-NMSC-014, ¶ 23, 278 P.3d 1031. "A court abuses its discretion when its ruling is clearly against the logic and effect of the facts and circumstances of the case." *State v. Harper*, 2011-NMSC-044, ¶ 16, 150 N.M. 745, 266 P.3d 25 (internal quotation marks and citation omitted).

{5} In order to grant Child the reversal he seeks on the basis of this issue, we must hold both that the State's disclosure of the witnesses was legally inadequate, and further, that the failure of the district court to exclude the State's witnesses as sanction for that alleged inadequacy was an abuse of the court's discretion. We decline to hold that the court committed reversible error. We explain.

{6} First, the district court properly exercised its discretion in allowing the testimony of the police officer and assistant principal. The exclusion of witnesses is

4

a severe sanction not to be imposed except in extreme cases. *Id.* ¶ 21. Exclusion is generally appropriate only where, among other requirements, "the State's conduct is especially culpable, such as where evidence is unilaterally withheld by the State in bad faith, or all access to the evidence is precluded by State intransigence." *Id.* ¶ 17. Child has not argued that the State acted in bad faith or is especially culpable, nor do we perceive any willful misconduct in the actions of the State. The State filed a witness list the day it filed its petition to revoke probation. The witness list stated that the State intended to call as a witness anyone named in the police report. Child admits that the case was not complicated and that "only three or four people" were involved; thus we do not infer bad faith or even gamesmanship on the part of the State by its non-specific reference to persons named in the police report. The State confirmed for the district court, and the court accepted, that the police report naming both witnesses was uploaded to the online CMS in a timely fashion. We observe that the police report was made available to Child via CMS eight days after the petition to revoke probation was filed. We also observe that the hearing did not take place until more than three months later. Although non-specific witness lists are less than ideal, we do not perceive bad faith on the part of the State by this form of disclosure. *Cf. State v. Layne*, 2008-NMCA-103, ¶ 13, 144 N.M. 574, 189 P.3d 707 (holding that where the state intentionally chose to ignore a discovery order of the district court, the exclusion of

a witness was proper). We note that Child, who was under similar disclosure requirements as the State, filed a similarly non-specific witness list. *Compare* Rule 10-232(A)(3) NMRA (stating that a respondent child is required to disclose or make available to the state "a list of the names and addresses of the witnesses the respondent child intends to call at the adjudicatory hearing"), *with* Rule 10-231(A)(5) (stating that the state is required to disclose or make available to the respondent child "a written list of the names and addresses of all witnesses which the children's court attorney intends to call at the adjudicatory hearing"). Finally, we note that Child did not request any remedy less severe than exclusion—for example, a motion for continuance and/or an opportunity to interview the witnesses—and in the absence of such a request by Child, we do not fault the district court for failing to craft an alternative. In sum, we hold that the refusal of the district court to exclude the State's only witnesses was not an abuse of discretion.

{7}     Moreover, the State adequately fulfilled its disclosure requirements under the circumstances of this case. To the extent that Child was not prepared for testimony by the assistant principal and the police officer, that surprise cannot reasonably be ascribed to the form of the State's witness disclosure. The witness list stated the intention of the State to call as a witness any person named in the police report. The police report was not withheld from Child but, instead, was disclosed timely. Child

concedes that reference to a police report in the witness list "may appear to be reasonable in a case such as this one[.]" We agree. Child has not cited to any authority indicating that a witness list such as that provided by the State (and also Child) is legally inadequate, and thus we presume there is none. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("[The appellate courts] assume where arguments in briefs are unsupported by cited authority, [that] counsel . . . was unable to find any supporting authority."). We need not determine the precise contours of the requirements of Rule 10-231(A)(5) in this memorandum opinion. Under the circumstances of this case, we conclude that the State adequately and timely, fulfilled its duty to disclose its witnesses to Child.

{8}      For the foregoing reasons, the decision by the district court not to exclude the State's witnesses was not clearly contrary to the logic and effect of the facts and circumstances of the case and, therefore, not reversible error under an abuse of discretion standard. *See Guerra*, 2012-NMSC-014, ¶ 23 (stating that appellate courts review "[a] trial court's decision to admit or exclude evidence for failure to comply with notice and disclosure requirements . . . for an abuse of discretion"); *id.* ¶ 36 (stating that a court abuses its discretion when an "evidentiary ruling is clearly contrary to logic and the facts and circumstances of the case" (internal quotation marks and citation omitted)).

**SUFFICIENCY OF THE EVIDENCE**

{9}    Child argues that the evidence was insufficient to support the finding by the district court that he violated the condition of his probation requiring that Child refrain from any act prohibited by law. The revocation of a juvenile's probation requires proof beyond a reasonable doubt. *State v. Erickson K.*, 2002-NMCA-058, ¶ 18, 132 N.M. 258, 46 P.3d 1258; *see* § 32A-2-24(B). We review a challenge to the sufficiency of the evidence by determining whether, indulging all reasonable inferences and resolving all conflicts in favor of the verdict, substantial evidence of a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt on all elements essential to the conviction. *State v. Astorga*, 2015-NMSC-007, ¶ 57, 343 P.3d 1245.

{10}    The State concedes that insufficient evidence exists to support a finding that Child violated his probation by carrying a deadly weapon on school grounds. However, the district court found that Child also violated two other conditions of his probation, as alleged in the State's petition. Child has not challenged those two findings of violation. Because a single violation was sufficient for the district court to find that Child violated his probationary agreement, and Child has not challenged the sufficiency of the evidence supporting two findings of violation, we affirm the

decision of the district court that Child violated his probationary agreement. *See* § 32A-2-24(B) ("If a child is found to have violated a term of the child's probation, the court may extend the period of probation or make any other judgment or disposition that would have been appropriate in the original disposition of the case."); *State v. Leon*, 2013-NMCA-011, ¶ 37, 292 P.3d 493 (stating, with reference to an adult probationer, that sufficient evidence to support even one violation supports affirmance of a trial court's revocation of probation).

**CONCLUSION**

{11}     For the reasons stated, we affirm the order of the district court revoking Child's juvenile probation.

{12}     **IT IS SO ORDERED.**


_____
**STEPHEN G. FRENCH, Judge**


**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**LINDA M. VANZI, Judge**