This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39950**

**CHRISTOPHER ARMENDAREZ, SHAYENNE ARMENDAREZ, ANGELICA ARMENDAREZ, ANTHONY ARMENDAREZ, and ASHTON ARMENDAREZ,**

Plaintiffs-Appellants,

v.

**HYUNDAI HEAVY INDUSTRIES COMPANY, LTD; HYUNDAI CONSTRUCTION, EQUIPMENT AMERICAS, INC.; HYUNDAI CONSTRUCTION EQUIPMENT COMPANY, LTD; and CISCO EQUIPMENT NM SALES, LLC,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Maria Sanchez-Gagne, District Court Judge**

Robert L. Collins & Associates
Robert L. Collins
Houston, TX

Scherr Law Firm PLLC
Maxey M. Scherr
El Paso, TX

for Appellants

Lorenz Law
Alice T. Lorenz
Albuquerque, NM

McCoy Leavitt Laskey LLC
H. Brook Laskey
Stephanie K. Demers

Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**DUFFY, Judge.**

**{1}**     Plaintiffs appeal from the district court's orders excluding evidence at trial and denying their motion for a new trial. For the reasons that follow, we affirm the rulings of the district court and determine there was no cumulative error.

**BACKGROUND**

**{2}**     Plaintiff Christopher Armendarez was at work at a construction site when the hydraulic arm of an excavator swung down and struck him. Christopher was severely injured and eventually required amputation of his right arm and leg. Christopher, along with his wife and their children (collectively, Plaintiffs) filed a complaint against the manufacturer of the excavator, Hyundai Heavy Industries Co., Ltd. (Hyundai Heavy), and Hyundai Heavy's successor corporation, along with the distributor of the excavator, Hyundai Construction Equipment Americas (HCEA), and the entity that leased the excavator to Christopher's employer. Plaintiffs asserted causes of action for strict products liability and negligence. Plaintiffs' theory of the case was that the subject excavator was "unreasonably dangerous, defective and negligently designed because one of the machine's primary joystick-style control sticks was dangerously susceptible to being moved unintentionally, which caused inadvertent operation of the excavator."

**{3}**     Before trial, Defendants filed two motions in limine requesting that evidence of HCEA's 2018 guilty plea and conviction for conspiracy to defraud the United States and violate the Clean Air Act be excluded from trial. The district court found the evidence was more prejudicial than probative and granted Defendants' motions pursuant to Rules 11-403, 11-404, and 11-609 NMRA. Plaintiffs also filed a motion in limine to exclude any reference to alleged OSHA violations by Christopher and his employer. The district court granted Plaintiffs' motion.

**{4}**     Trial took place in October 2020. Pursuant to our Supreme Court's COVID-19 emergency order that was in place at the time, there was insufficient space in the courtroom for all defense counsel when the jury was present. Some of the attorneys observed the trial via monitors located in the hallway outside of the courtroom. The jury would enter and exit the courtroom through the same hallway.

**{5}**     On day four of the trial, the jury was excused from the courtroom and jurors were in the hallway when defense counsel sought guidance from the district court regarding the order on Plaintiffs' motion in limine concerning alleged OSHA violations. Defendants' counsel stated, "[Plaintiffs' counsel] brought up a good point this morning with regard to the motion in limine regarding the OSHA violations and referring to those.

It raised this question and this is something." Before counsel could continue, Plaintiffs' counsel brought to the court's attention that jurors could hear the proceedings via monitors in the hallway. The bailiff stated that they would make sure the monitors were turned off.

**{6}** At the conclusion of trial, the jury returned a verdict in favor of Defendants on all counts. Plaintiffs subsequently filed a motion for a new trial, arguing that the extraneous information regarding OSHA violations reached the jury and was prejudicial. Following a hearing on the matter, the district court denied Plaintiffs' motion, finding that extraneous information did not actually reach the jury.

## DISCUSSION

### I. Defendants' Motions in Limine

**{7}** Plaintiffs appeal the district court's orders granting Defendants' motions in limine and excluding evidence of HCEA's 2018 guilty plea and conviction for conspiracy to defraud the United States and violate the Clean Air Act. "Admission or exclusion of evidence is a matter within the discretion of the trial court and the court's determination will not be disturbed on appeal in the absence of a clear abuse of that discretion." *Coates v. Wal-Mart Stores, Inc.*, 1999-NMSC-013, ¶ 36, 127 N.M. 47, 976 P.2d 999 (internal quotation marks and citation omitted).

### A. Rules 11-403 and 11-404

**{8}** We first address Plaintiffs' argument that the district court abused its discretion by excluding evidence of HCEA's guilty plea and conviction under Rules 11-403 and 11-404. Rule 11-403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Under Rule 11-404(B)(1), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasional the person acted in accordance with the character." However, Rule 11-404(B)(2) allows admission of evidence of prior acts to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." "Once it is shown that evidence of other acts has a legitimate alternative use that does not depend upon an inference of propensity, the proponent must establish that under Rule 11-403 . . . , the probative value of the evidence used for a legitimate, non-propensity purpose outweighs any unfair prejudice to the defendant." *State v. Serna*, 2013-NMSC-033, ¶ 17, 305 P.3d 936 (internal quotation marks and citation omitted).

**{9}** Plaintiffs contend that the district court abused its discretion by excluding evidence of HCEA's 2018 guilty plea and conviction because the conduct that led to that conviction and the conduct at issue here were "substantially similar act[s] of misrepresentation" and there is a "clear nexus" between them. HCEA's 2018 conviction was based upon its violation of emissions regulations under the Clean Air Act. Plaintiffs maintain that because HCEA misrepresented its compliance with these regulations,

HCEA's conviction is probative of HCEA's motive and intent to misrepresent their compliance with European Community Machine Directive 2006/42/EC[1] (European Directive), which sets forth safety standards for the subject excavator's control systems. In particular, Plaintiffs characterized the European Directive as "mandat[ing] that control devices must be designed in such a way that movement of the machine can only be achieved by deliberate action," thereby eliminating the risk of inadvertent operation of controls. According to Plaintiffs, Defendants misrepresented in the excavator's manual that it adhered to the European Directive because the risk of inadvertent operation of controls had not been eliminated and caused Christopher's injuries. Plaintiffs argue that HCEA's guilty plea and conviction tend to show Defendants' "knowledge, intent, opportunity, and motive to import defective and unsafe heavy equipment that they knew did not comply with applicable mandatory safety standards, including the excavator made the subject of Plaintiffs' lawsuit."

**{10}**  Defendants argue the district court was correct in ruling that HCEA's guilty plea and conviction is inadmissible because there is no relationship between that case and the case at hand, and such evidence carries "enormous potential for undue prejudice." Defendants note that the emissions standards at issue in the 2018 case are different from and not relevant to the machine safety standards in the European Directive, and that only one of the four Defendants in this case was involved in the 2018 case. Defendants also emphasize there was never a showing that they violated the European Directive. Finally, Defendants note that motive or intent were only at issue for purposes of Plaintiffs' claim for punitive damages, which the jury never reached because it found in favor of Defendants on liability. *See Young v. Gila Reg'l Med. Ctr.*, 2021-NMCA-042, ¶ 32, 495 P.3d 620 (stating that "where a plaintiff does not prevail on liability, any errors alleged as to damages are harmless." (internal quotation marks and citation omitted)).

**{11}**  Defendants' final point is dispositive. Even if we were to conclude that the district court abused its discretion by excluding evidence of HCEA's guilty plea and conviction under Rules 11-403 and 11-404, Defendants are correct that evidence related to Defendants' mental state was not relevant to Plaintiffs' strict liability or negligence claims. Plaintiffs disputed this point in their reply brief, contending that the evidence was relevant to establish foreseeability. According to Plaintiffs, "[b]y showing it was more likely than not that [Defendants] misrepresent[ed] their compliance with safety standards, Plaintiffs sought to show that the risk of injury due to the excavator malfunction was known to, and therefore foreseeable to, [Defendants]." With this argument Plaintiffs would ask the jury to infer that because Defendants did not comply with other safety standards, Defendants did not comply with the European Directive in this instance, and further, that such noncompliance demonstrated knowledge that failure to comply would result in a foreseeable risk of injury. Rule 11-404(B) rejects the admission of a prior wrong, crime, or other act for that purpose. *See State v. Gallegos*, 2007-NMSC-007, ¶ 28, 141 N.M. 185, 152 P.3d 828 (explaining that "pure propensity evidence" is that which shows that a party "acted in conformity" with a prior action). Otherwise, motive and intent were only relevant to Plaintiffs' claim for punitive damages.

---

[1] *Official Journal of the European Union* (O.J.), 2006 O.J. (L157) 24 https://eur-lex.europa.eu/legal-content/EN/TXT/?uri=CELEX%3A32006L0042&qid=1702653597514

Because Plaintiff did not prevail on liability, any error would necessarily be harmless. *Murphy v. Frinkman*, 1978-NMCA-127, ¶ 27, 92 N.M. 428, 589 P.2d 212 ("The rule is uniform that where the issue of liability is determined by the jury adversely to the plaintiff, the admission or rejection of evidence of injuries and damages is immaterial or harmless error. It becomes unnecessary for the trier of the fact to resolve the issue of injury or damages."). Consequently, we perceive no basis for reversal on these evidentiary matters.

## B.     Rule 11-609

**{12}**   Plaintiffs also argue that evidence of HCEA's guilty plea and conviction should have been allowed at trial for impeachment purposes under Rule 11-609. Generally, Rule 11-609 allows for the admission of evidence regarding a witness's prior criminal convictions for purposes of impeaching the witness and attacking their character for truthfulness. "The purpose of questioning a witness as to prior convictions is to test the credibility of the witness." *Sierra Blanca Sales Co. v. Newco Indus., Inc.*, 1972-NMCA-153, ¶ 97, 84 N.M. 524, 505 P.2d 867.

**{13}**   Plaintiffs contend that because the district court excluded HCEA's guilty plea and conviction, they were unable to challenge the credibility of Defendants' expert witnesses. Plaintiffs argue that Defendants' expert witnesses relied on representations made by Hyundai Heavy and HCEA in forming their opinions regarding the subject excavator's compliance with the European Directive. Plaintiffs state that because they were not allowed to introduce evidence of HCEA's guilty plea and conviction, they were deprived of a meaningful opportunity to cross-examine Defendants' expert witnesses. Plaintiffs also assert they would have called Hyundai Heavy and HCEA to testify at trial, but did not because they were unable to question them about HCEA's guilty plea and conviction.

**{14}**   Defendants, in response, correctly point out that Rule 11-609 only allows impeachment of a witness through prior criminal convictions when that witness was the one convicted of the previous crimes. *See State v. Layne*, 2008-NMCA-103, ¶ 13, 144 N.M. 574, 189 P.3d 707 (explaining that impeachment provides the jury with "a way to determine whether a witness is untruthful or inaccurate" (internal quotation marks and citation omitted)). Defendants note that Plaintiffs did not call any witnesses from HCEA at trial to testify in any respect and thus, there were no witnesses whose credibility could be questioned under Rule 11-609 through HCEA's guilty plea and conviction. We agree with Defendants and conclude the district court did not abuse its discretion by excluding evidence of HCEA's guilty plea and conviction under Rule 11-609.

## II.     Plaintiffs' Motion for a New Trial

**{15}**   Plaintiffs next contend that the district court erred by denying their motion for a new trial. Plaintiffs claim that they are entitled to a new trial because the jury was improperly exposed to prejudicial extraneous information regarding alleged OSHA

violations. We review a district court's order denying a motion for a new trial for abuse of discretion. *See State v. Mann*, 2002-NMSC-001, ¶ 17, 131 N.M. 459, 39 P.3d 124.

**{16}** "The party requesting a new trial on the basis that the jury was exposed to extraneous information must make a preliminary showing that he or she has competent evidence that material extraneous to the trial actually reached the jury." *Id.* ¶ 19 (alteration, internal quotation marks, and citation omitted). "This burden is not discharged merely by allegation; rather, [the moving party] must make an affirmative showing that some extraneous influence came to bear on the jury's deliberations." *Id.* (internal quotation marks and citation omitted).

**{17}** To support their motion, Plaintiffs filed an affidavit by Sean Hanko, a courtroom technology consultant retained by Plaintiffs. In his affidavit, Hanko stated, "On at least two specific occasions during the trial, after the jury had been excused from the courtroom for breaks, and while they were waiting in the hallway outside, defense counsel made arguments that were [intended] to be outside the hearing of the jurors." Hanko recalled one occasion where defense counsel were talking about alleged OSHA violations by Christopher's employer, and the parties and the court were "informed the jurors waiting outside could hear the proceedings in the courtroom over the monitor in the hall." Hanko noted, "I believe this also happened several other times while the jury was expected to be sequestered outside the courtroom but while arguments were made and other proceedings were going on inside the courtroom." Plaintiffs also point to an instance in the record, which appears to be the OSHA-related discussion to which Hanko refers, where their counsel stated, "Excuse me. The jury can hear us[,]" and the court responded with "[o]kay. The jury can hear us."

**{18}** The district court determined that Plaintiffs failed to make a preliminary showing that the jury was exposed to extraneous information regarding OSHA violations. *See State v. Lymon*, 2021-NMSC-021, ¶ 52, 488 P.3d 610 (stating that the moving party must affirmatively show material extraneous to the trial actually reached the jury and mere allegations will not suffice). The district court noted that two jurors were interviewed and both stated that they never heard any extraneous information related to alleged OSHA violations. Furthermore, at the start of trial, the district court instructed jurors to determine the facts of the case based solely upon the evidence received in court and to inform court staff if they overheard something not in evidence. No juror reported overhearing something not in evidence. *See State v. Benally*, 2001-NMSC-033, ¶ 21, 131 N.M. 258, 34 P.3d 1134 ("We presume that the jury followed the instructions given by the trial court, not the arguments presented by counsel.").

**{19}** We agree with the district court's conclusion that Plaintiffs did not meet their burden to make a preliminary showing that extraneous information actually reached the jury. Plaintiffs' argument consists primarily of allegations that the jury *might have* heard extraneous information, and fails to demonstrate that the jury was actually exposed to any information regarding the OSHA violations. Consequently, we conclude that the district court did not abuse its discretion in denying Plaintiffs' motion for a new trial.

### III.     Cumulative Error

**{20}**     Finally, Plaintiffs argue that the cumulative impact of the errors at trial was so prejudicial that a reversal of the judgment is required. *See Coates*, 1999-NMSC-013, ¶ 57 ("Reversal may be required when the cumulative impact of errors during a trial is so prejudicial that a party was denied a fair trial."). In light of our previous discussion, we cannot conclude that any prejudicial errors occurred during trial, or that Plaintiffs were deprived of a fair trial. Accordingly, we hold there was no cumulative error in this case.

**CONCLUSION**

**{21}**     For the reasons stated, we affirm.

**{22}     IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**KATHERINE A. WRAY, Judge**