This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40535

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**STEFAN VARELA,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF COLFAX COUNTY**
**Melissa A. Kennelly, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Charles J. Gutierrez, Assistant Attorney General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**IVES, Judge.**

{1}     The district court excluded evidence as a sanction for the State's discovery violations during the prosecution of Defendant Stefan Varela. The State appeals, contending that the district court abused its discretion because it improperly determined that some of the State's conduct amounted to discovery violations and because several of the district court's findings lacked support in the record. We affirm.

**DISCUSSION**

**{2}** The district court identified several discovery violations in its order excluding evidence. The State contends that some of its conduct did not amount to discovery violations and that the district court's improper consideration of that conduct requires reversal. We do not reach the merits of this argument because we conclude, for the following reasons, that even without considering the challenged conduct, the remaining conduct amounted to discovery violations that warranted sanctions. Specifically, we conclude that the district court did not abuse its discretion by excluding evidence as a sanction for the State's failure to disclose—within the time frame required by the district court's orders—the lapel and dashcam videos of the officers who were at the scene of Defendant's arrest.

**{3}** "We review the district court's imposition of sanctions for an abuse of discretion." *State v. Lewis*, 2018-NMCA-019, ¶ 5, 413 P.3d 484. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case." *State v. Le Mier*, 2017-NMSC-017, ¶ 22, 394 P.3d 959 (internal quotation marks and citation omitted). "In reviewing the district court's decision, this Court views the evidence—and all inferences to be drawn from the evidence—in the light most favorable to the district court's decision." *Id.*

**{4}** In *State v. Harper*, our Supreme Court held that, because dismissal and witness exclusion are extreme sanctions, the "exclusion of witnesses requires an intentional violation of a court order, prejudice to the opposing party, and consideration of less severe sanctions." 2011-NMSC-044, ¶¶ 2, 16, 21, 150 N.M. 745, 266 P.3d 25. Our Supreme Court later clarified that "*Harper* did not establish a rigid and mechanical analytic framework . . . so rigorous that courts may impose witness exclusion only in response to discovery violations that are egregious, blatant, and an affront to their authority." *Le Mier*, 2017-NMSC-017, ¶ 16. Importantly, district "courts possess broad discretionary authority to decide what sanction to impose when a discovery order is violated." *Id.* ¶ 22. In deciding whether to exclude evidence as a sanction, the district "[c]ourt[] must evaluate the considerations identified in *Harper*—culpability, prejudice, and lesser sanctions," and it must explain its decision "within the framework articulated in *Harper*." *Le Mier*, 2017-NMSC-017, ¶ 20. However, "it is not the case that witness exclusion is justified only if all of the *Harper* considerations weigh in favor of exclusion." *Id.*

**{5}** We understand the State to argue that because the findings made by the district court are not supported by the record, the district court abused its discretion by imposing a sanction. After carefully reviewing the record, we are not persuaded. We address each of the three factors of the *Harper/Le Mier* test in turn.

**I.     Culpability**

**{6}** Although the court made no explicit finding of culpability in its order, we believe that it implicitly found culpability when it found that the State committed several

discovery violations contrary to clear and unambiguous court orders. Our belief that an implicit finding was made is buttressed by the district court's references to the *Le Mier* Court's conclusions as to culpability. The district court's implicit finding is consistent with our Supreme Court's conclusion in *Le Mier* that a finding of culpability can be supported by "a single violation of a discovery order," and that a violation of "clear and unambiguous" orders further supports a finding of culpability. *See* 2017-NMSC-017, ¶ 24.

**{7}** The record supports the findings pertinent to the State's culpability in failing to timely disclose the lapel and dashcam videos. Specifically, the district court's Case Management Order (CMO) and the May 9, 2022, order clearly required the State to disclose "video recordings" and "lapel video(s)," respectively, within thirty days of entry of the corresponding order. The court found discovery violations in both the State's failure to comply with Rule 5-501 NMRA and the CMO because the State did not disclose the lapel and dashcam videos of all officers on scene of Defendant's arrest within the thirty-day deadline. The court also found that the State's lack of effort to ensure that defense counsel had the correct lapel videos from Defendant's arrest despite the May 9, 2022, order requiring the State to disclose the videos and an email exchange with defense counsel that indicated the lapel videos provided by the State were from an unrelated case also constituted a discovery violation. Moreover, the district court noted in its order excluding evidence that it had provided the State with clear instructions on what needed to be disclosed and the deadlines for the disclosures. On appeal, the State fails to meet its burden of establishing that the district court abused its discretion because the State points to nothing in the record that shows it disclosed the videos from all the officers at the scene of Defendant's arrest in a timely manner. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating we presume the district court was correct and it is the appellant's burden to demonstrate error). Further, the record supports a finding that the State violated the orders; for example, Defendant's counsel at the hearing on the motion to exclude stated that he had yet to receive all of the videos. Reviewing the evidence in the light most favorable to the court's decision, *see Le Mier*, 2017-NMSC-017, ¶ 22, we conclude that the record supports a finding of culpability.

## II.    Prejudice

**{8}** In our view, the district court's findings of prejudice to the defense and to the district court are consistent with *Le Mier*, in which our Supreme Court clarified that a party's failure to comply with discovery orders within the required time frame "causes prejudice both to the opposing party and to the court" itself. *Id.* ¶ 25. An opposing party faces needless delays when discovery orders are not timely met, which ultimately delays their proverbial "day in court" and gives rise to the risk of trial by surprise. *Id.* (internal quotation marks omitted). In such a situation, the court must then utilize its limited time and resources to ensure compliance with basic discovery rules and orders, which could have otherwise been avoided; this negatively impacts the parties in other proceedings. *Id.* ¶ 26. In this case, the district court determined that Defendant was prejudiced by the discovery violations as the conduct caused "unjustifiable expense and

delay." Rule 5-101(B) NMRA. The court reasoned that Defendant incurred additional costs because defense counsel had to file two discovery motions to address the State's omissions. The district court also reasoned that the State's failure to disclose the lapel videos prevented defense counsel from conducting pretrial interviews in a timely manner, which then had the potential to prevent the parties from meeting other critical deadlines, such as the plea meeting and filing of dispositive motions. The district court also found that the State's discovery violations prejudiced the court's docket and the administrative process.[1] We conclude that the district court's prejudice determinations are supported by the record and are in line with *Le Mier*.

### III.     Lesser Sanctions

**{9}**     Turning to the final factor, *Le Mier* advises that a district court is under no obligation "to consider every conceivable lesser sanction before imposing" exclusions. 2017-NMSC-017, ¶ 27. Rather, the district court must only "fashion the least severe sanction that best fit[s] the situation and which accomplishe[s] the desired result." *Id.* (emphasis omitted).

**{10}**     We believe that the district court imposed a sanction that appropriately fits the circumstances of this case. The State was on notice, based on the language of Rule 5-505(B) NMRA, that a failure to comply with the rules could result in a prohibition on the introduction as evidence materials not disclosed. The State was also on notice, based on the enforcement provision of the CMO, that failure to comply with the court's order might result in the exclusion of evidence. When the State failed to comply with the CMO discovery deadline, the district court afforded the State another opportunity to produce the missing discovery and extended the deadline for doing so, while simultaneously cautioning the State of the potential for evidence exclusions. But the State failed to meet this new deadline.

**{11}**     The State argues that the exclusion of evidence was unwarranted because its noncompliance with the CMO and its noncompliance with the May 5, 2022, order pertained to different discovery violations. However, the State provides no authority to support its theory that distinct discovery violations in the same case cannot be considered together under the *Harper/Le Mier* test, and we therefore assume no such authority exists. *See State v. Wilson*, 2021-NMSC-022, ¶ 78, 489 P.3d 925. In the absence of authority or persuasive argument to the contrary, we think because district courts have the discretion to issue sanctions that are "appropriate under the circumstances," *see State v. Layne*, 2008-NMCA-103, ¶ 13, 144 N.M. 574, 189 P.3d 707 (text only) (citation omitted), the district court here did not err by considering, as one

---

[1]The State contends that this finding is wrongfully based on its conduct in cases other than this one. We disagree. We read the relevant part of the district court's order as explaining that the court entered the CMO in this case for the purpose of preventing the types of discovery violations that had caused unjustifiable expense and delay in other cases, and that by violating the CMO, the State had engaged in the very type of costly and dilatory discovery conduct that the CMO was designed to prevent.

of the circumstances, the State's multiple discovery violations in its prosecution of Defendant.

**{12}**     Lastly, the State argues that there is strong public policy that favors resolving criminal cases on their merits and, for such reason, a lesser sanction was warranted here. We acknowledge such public policy, yet we also acknowledge, as our Supreme Court has, the strong public policy in support of efficient and timely disposition of cases, in which district "courts shoulder the significant and important responsibility of ensuring the efficient administration of justice in the matters over which they preside, and it is our obligation [as appellate courts] to support them in fulfilling this responsibility." *Le Mier,* 2017-NMSC-017, ¶ 18. We conclude that the district court struck an appropriate balance between these policies, within the exercise of its broad discretion under our Supreme Court's precedents.

**CONCLUSION**

**{13}**     We affirm.

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**JANE B. YOHALEM, Judge**