This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41064

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**PATRICIO A. GRIEGO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**T. Glenn Ellington, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Michael J. Thomas, Assistant Solicitor General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Defendant appeals his conviction for second degree murder, contrary to NMSA 1978, Section 30-2-1(B) (1994). On appeal, Defendant argues: (1) the district court erred in permitting the pretrial deposition of his ninety-seven-year-old mother (Witness) under Rule 5-503(B) NMRA; (2) the district court erred in admitting Witness's pretrial deposition at trial because the district court did not review it before trial, and it failed to

comply with the district court's order and Rule 5-503(B); and finally (3) the Confrontation Clause and hearsay rules entitle him to a new trial. We affirm.

**BACKGROUND**

**{2}**     On February 6, 2020, Defendant shot and killed his older brother (Victim), while the two of them were at their family home in Tesuque, New Mexico. When police officers arrived on the scene, they located Victim in the front hallway of the family home with multiple gunshot wounds to his back, chest, and neck.

**{3}**     At the time of the shooting, there were only three people in the family home— Defendant, Victim, and Witness. Witness, who was ninety-six years old at the time, lived in the family home, where Defendant occasionally resided as well. Victim lived next door. Following the incident, Witness was interviewed by police.

**{4}**     In April 2020, the State sought a court order to depose Witness via videoconference. In the motion, the State cited to Rule 5-503(B)(1) and Witness's advanced age, her poor state of health, and the COVID-19 pandemic in support of its request to depose her via videotape, and argued that her deposition was necessary to prevent injustice. Particularly, the State asserted that Witness "is an essential fact witness . . . [,] her testimony is material to the State's case as she is the only eyewitnesses to the actual murder[, and t]he State may not be able to meet its burden of proof without her testimony." Defendant responded, asking the district court to deny the State's motion. In his response, Defendant raised various potential issues with a videotaped deposition such as, "his right to confront and cross[-]examine the witnesses against him, his right to effective assistance [of] counsel and his right to due process as his trial progresse[d]."

**{5}**     A hearing was held on the State's motion on May 4, 2020. Following the hearing, the district court entered an order granting the State's motion. The order outlined several requirements to be arranged by the State for the deposition: (1) "Defendant and counsel shall be present by video"; (2) "Defendant shall participate from the hearing room at the Santa Fe County Adult Detention Facility"; (3) "[Witness's] videotaped deposition shall be audio and video recorded"; and (4) "Defense counsel shall have the capability to communicate privately with Defendant during the taking of the deposition." The order also specified that the State "shall bear the burden and cost thereof." Additionally, the order also outlined numerous additional requirements concerning Defendant's ability to contact defense counsel during the hearing, such as the presence of a certified court interpreter, listening devices to assist [Witness], and requesting that the State conduct a practice session with defense counsel "to ensure counsel's familiarity with the video conference application."

**{6}**     Witness was deposed on June 19, 2020. She died just a couple months later in August 2020 at the age of ninety-seven. After Witness died, the State filed a motion seeking admission of her deposition at trial. Again, Defendant objected, arguing that Witness's deposition testimony should not be permitted pursuant to a hearsay exception

and that admission of the video-recorded testimony at trial would deny Defendant meaningful cross-examination of a witness at trial.

{7}     A hearing was held on the State's motion. During the hearing, defense counsel raised various issues with the videotaped deposition. Specifically, defense counsel expressed concern with the lack of face-to-face contact during the video deposition, lack of effective cross-examination due to the difficulty Witness had hearing and comprehending questions during the Zoom video deposition, and that Defendant did not have contemporaneous contact with defense counsel during the deposition. Defense counsel asserted it was virtually impossible for Defendant to confront Witness over Zoom. She further argued that Witness's testimony was not reliable due to her difficult hearing and understanding, and therefore effective confrontation was not possible under the circumstances. Finally, defense counsel argued that Defendant would not have a fair trial if the videotaped deposition was permitted at trial because his right to confrontation would be violated.

{8}     The district court entered an order granting the State's motion to admit the videotaped deposition. In the order, the district court found: Witness was unavailable for trial; the videotaped deposition complied with the parameters set out in the district court's prior order; the videotaped deposition took place under oath and was subject to direct and cross-examination; and there was no requirement that all parties be in the same room in order for confrontation to have been satisfied.

## DISCUSSION

### I.     Permitting the Pretrial Deposition

{9}     We begin by addressing Defendant's argument that the district court erred in allowing the videotaped deposition in the first place. The crux of Defendant's argument is that the district court failed to make findings establishing the existence of exceptional circumstances that would justify allowing a pretrial deposition under Rule 5-503(B). According to Defendant, Rule 5-503(B) contains no express language permitting the use of depositions at trial "if the witness died, or was sick." According to Defendant, "[i]n its order, the district court did not unambiguously consider or suitably weigh that 'exceptional circumstances' must exist before issuing its order pursuant to Rule 5-503(B)(2)." Moreover, he argues, it "did not make specific findings that [Witness's] testimony was necessary to prevent injustice."

{10}    The State responds that the district court did not err in permitting the pretrial deposition to occur because "[g]iven [Witness's] very advanced age at the time, as exacerbated by virus-related concerns, the district court could reasonably find that a pretrial deposition was necessary to preserve her testimony." According to the State, the language of Rule 5-503(B) does not require that the district court's decision to permit a pretrial deposition be supported by exceptional facts, "but rather only that it is 'necessary' to secure that person's testimony to prevent 'injustice.'" We agree with the State.

**{11}** We must determine whether the deposition was justified under Rule 5-503(B). "The granting or denial of discovery in a criminal case is a matter peculiarly within the discretion of the [district] court which we review under an abuse of discretion standard." *State v. Layne*, 2008-NMCA-103, ¶ 6, 144 N.M. 574, 189 P.3d 707 (internal quotation marks and citation omitted). "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the [district] court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citation omitted). To the extent our review involves statutory interpretation, it is de novo. *See State v. Radosevich*, 2018-NMSC-028, ¶ 8, 419 P.3d 176.

**{12}** Pursuant to Rule 5-503(B), depositions are allowed in criminal proceedings only "upon: (1) agreement of the parties; or (2) order of the [district] court . . . upon a showing that it is necessary to take the person's deposition to prevent injustice." This case concerns the second condition under which depositions are permitted in criminal proceedings—by order of the district court.

**{13}** We cannot say, under the unique factual circumstances of this case, that the district court abused its discretion in permitting the videotaped deposition of Witness. Here, the State argued that the videotaped deposition of Witness, ninety-six years old at the time, was necessary to prevent injustice citing to various factors, including her advanced age, poor state of health, as well as the impact of both the death of Victim and the COVID-19 pandemic on her health. At the time the State filed its motion, Witness "required numerous medications, an oxygen tank, and a walker." The State further asserted that Witness was "an essential fact witness . . . [,] her testimony [was] material to the State's case as she is the only eyewitness to the actual murder[, and t]he State may not be able to meet its burden of proof without her testimony."

**{14}** There is no language within Rule 5-503(B) that requires the district court, as Defendant asserts, to have made findings establishing the existence of exceptional circumstances that would justify allowing a pretrial deposition under Rule 5-503(B). *See Muse v. Muse*, 2009-NMCA-003, ¶ 51, 145 N.M. 451, 200 P.3d 104 ("The mere assertions and arguments of counsel are not evidence."). Moreover, "given the absence of any findings of fact, we draw all inferences and indulge all presumptions in favor of the district court's ruling." *State v. Eckard*, 2012-NMCA-067, ¶ 10, 281 P.3d 1248 (internal quotation marks and citation omitted). As our Supreme Court has held, "[g]enerally, the district court is justified in ordering a person's deposition in a criminal case only if the State shows that the person would be unable or unwilling to attend the trial or a hearing." *Allen v. LeMaster*, 2012-NMSC-001, ¶ 23, 267 P.3d 806; *see* Rule 5-503 comm. cmt. Finally, as Defendant acknowledges, Rule 5-503(E)(6) states that "[t]he parties may agree in writing or the court may, upon motion, order that a deposition be taken by telephone or other remote electronic means." In this case, the district ordered the deposition to be taken via electronic means. Given the foregoing, we cannot say the district court abused its discretion in permitting the videotaped deposition of Witness under Rule 5-503(B).

## II.  Admission of the Deposition at Trial

**{15}**  Defendant next argues that the district court erred in admitting the videotaped deposition of Witness at trial for two reasons: first, he asserts that the videotaped deposition was not reviewed by the district court prior to trial; and second, he asserts that the videotaped deposition failed to comply with both the district court's order and Rule 5-503(B) because he, or other participants in the deposition, are not visible on the screen during the videotaped deposition.

### A.  Viewing the Deposition Before Trial

**{16}**  To begin, Defendant fails to cite to the record establishing that he preserved his argument regarding the district court's failure to review the videotaped deposition before trial. Defendant merely asserts, "There is no indication that the district court reviewed the videoconference before admitting it at trial, despite [defense] counsel's repeated objections to problems she encountered conducting an effective cross-examination." *See Muse*, 2009-NMCA-003, ¶ 51 ("It is not our practice to rely on assertions of counsel unaccompanied by support in the record. The mere assertions and arguments of counsel are not evidence.").

**{17}**  Additionally, Defendant fails to develop a legal argument regarding this point as well. He fails to cite to any relevant portion of the record and he also fails to cite to relevant legal authority supporting his argument that the district court erred by failing to view the videotaped deposition prior to trial.[1] *See State v. Flores*, 2015-NMCA-002, ¶ 17, 340 P.3d 622 ("Our Court has been clear that it is the responsibility of the parties to set forth their developed legal arguments, it is not th[is C]ourt's responsibility to presume what they may have intended."). For these reasons, we decline to further address this argument. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("To rule on an inadequately briefed issue, this Court would have to develop the arguments itself, effectively performing the parties' work for them.").

### B.  Compliance With the District Court's Order and Rule 5-503(B)

**{18}**  Defendant next argues that the district court erred in admitting the videotaped deposition for two reasons: first, he argues that the videotaped deposition failed to comply with the district court's order requiring virtual confrontation; second, he argues that the videotaped deposition failed to comply with Rule 5-503(B). We address each argument in turn.

---

[1]Defendant cites to one case, *State v. Martinez*, 1981-NMSC-005, ¶¶ 11-13, 95 N.M. 445, *overruled on other grounds by Fusion v. State*, 1987-NMSC-034, ¶ 9,105 N.M. 632, 735 P.2d 1138, where our Supreme Court was unpersuaded by the defendant's argument that a deposition should have been excluded due to its noncompliance with procedural requirements for handling depositions. Defendant merely cites to this case and fails to develop an argument explaining how our Supreme Court's holding applies to the facts of this case.

**{19}**    As an initial matter, Defendant appears to concede that he failed to preserve either of these arguments regarding the admission of the videotaped deposition in the district court. Specifically, he states that he failed to "lodge a specific objection to [his] absence on the videoconference screen." Accordingly, he asserts, we may review for fundamental error. We decline to address either of Defendant's arguments regarding admission of the videotaped deposition due to lack of a developed legal argument.

**{20}**    First, Defendant fails to present a developed legal argument, connecting the relevant law to the facts of this case, explaining why any noncompliance by the district court with its previous order renders its admission of the videotaped deposition erroneous. "Our Court has been clear that it is the responsibility of the parties to set forth their developed arguments, it is not the [C]ourt's responsibility to presume what they may have intended." *Flores*, 2015-NMCA-002, ¶ 17. For these reasons, we decline to further address his argument. *See Elane Photography, LLC*, 2013-NMSC-040, ¶ 70.

**{21}**    Similarly, Defendant also fails to develop an adequate legal argument relating to his Rule 5-503(B) claim. Defendant's argument relies almost exclusively on Florida case law and Florida rules of criminal procedure. He fails to engage with the text of the applicable rule itself or explain how the district court's admission of the videotaped deposition violated its provisions. *See Lee v. Lee* (*In re Adoption of Doe*), 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (explaining that where arguments are not supported by cited authority, we presume counsel was unable to find supporting authority, will not research authority for counsel, and will not review issues unsupported by authority). As a result, Defendant's argument lacks a developed analysis demonstrating how Rule 5-503(B) supports his claim of error. As such, we decline to further address this argument. *See Elane Photography, LLC,* 2013-NMSC-040, ¶ 70.

## III.    Defendant's Request for New Trial

## A.    Confrontation Clause

**{22}**    We now address Defendant's argument that his constitutional right to confrontation was violated by the district court's admission of the videotaped deposition and Witness's interview with law enforcement. Defendant asserts that because he did not have an opportunity to meaningfully cross-examine Witness, reversal is warranted. Defendant "does not dispute the testimonial nature of statements [Witness] made at the deposition" nor does he dispute that Witness passed away a couple of months after the deposition "and was thus physically unavailable at trial." Rather, Defendant "takes issue with the district court's decision to allow the State to play both [Exhibit 4,] the one-hour pretrial deposition and Exhibit 24 [the post-incident account] for the jury."

**{23}**    Unfortunately, Defendant fails to comply with the Rules of Appellate Procedure—he fails to cite to the record proper in support of his argument. The Rules of Appellate Procedure require Defendant to state in his brief in chief, "an argument which, with respect to each issue presented, shall contain a statement of the applicable standard of review, the contentions of appellant, and a statement explaining how the issue was

preserved in the court below, with citations to authorities, record proper, transcript of proceedings, or exhibits relied on." Rule 12-318(A)(4) NMRA. Here, Defendant fails almost entirely to provide this Court with citations to the record proper to support his argument and does not connect the "host of things" that he asserts interfered with the right to cross-examination to any law that would require a new trial. "We will not search the record for facts, arguments, and rulings in order to support generalized arguments." *Muse*, 2009-NMCA-003, ¶ 72; *see also State v. Soutar*, 2012-NMCA-024, ¶ 14, 272 P.3d 154 (declining to address an argument on appeal because of the defendant's failure "to cite any portion of the record to support its factual allegations"). Because Defendant failed to comply with the Rules of Appellate Procedure, we decline to address this argument further.

## B.    Hearsay

**{24}**    Finally, Defendant argues that the district court's admission of both Exhibit 4 and Exhibit 24 at trial constituted a violation of hearsay rules. Defendant fails to develop an adequate legal argument regarding this issue on appeal. Regarding Exhibit 24, Witness's post-incident account of the incident, Defendant fails to connect the facts of the case to the relevant law to explain how the district court's admission of Exhibit 24 violates hearsay rules. *See Elane Photography, LLC*, 2013-NMSC-040, ¶ 70.

**{25}**    Next, regarding Exhibit 4, the videotaped deposition of the witness, Defendant appears to argue that it constitutes inadmissible hearsay not falling within any of the exceptions outlined in Rule 11-804(B) NMRA. Although he cites Rule 11-804, Defendant fails to identify, with reference to the record, which specific statements made during the deposition he believes are inadmissible. Nor does he develop a legal argument explaining how Witness's alleged "age-related infirmities" impacted his "opportunity and similar motive" to develop her testimony during cross-examination, as required under Rule 11-804(B)(1). Instead, he merely asserts, without further analysis, that "the deposition's format and [Witness's] age-related infirmities prevented defense counsel from adequately cross-examining the witness" and that the manner of refreshing Witness's memory was "unique." Because Defendant has failed to adequately develop this argument, we decline to address it. *See Elane Photography, LLC*, 2013-NMSC-040, ¶ 70.[2]

## CONCLUSION

**{26}**    For the foregoing reasons, we affirm.

---

[2]Defendant also argues that the district court failed to consider that Witness's out-of-court statements were not probative of any relevant facts, but were merely cumulative and prejudicial—contrary to Rule 11-403 NMRA. As the State points out, Defendant fails to identify where in the record he preserved this argument. It is well established that a party must invoke a ruling of the district court "on the same grounds argued in the appellate court." *State v. Ortiz*, 2009-NMCA-092, ¶ 32, 146 N.M. 873, 215 P.3d 811 (internal quotation marks and citation omitted). Therefore, we decline to consider it.

**{27}** IT IS SO ORDERED.

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**KATHERINE A. WRAY, Judge**